Losing-, J.,
delivered the opinion of tbe court:
On the facts found a majority of the court are of opinion that the petitioner’s resignation was by him placed in the hands of General Potter to be acted upon in the circumstances which occurred exactly as it was acted upon, and therefore that the resignation was made by the petitioner’s authority as precisely as if he himself had delivered it to the President. The petitioner had motive enough for the arrangement he made, and made it advisedly and for his own benefit, and it was as competent for him to authorize General Potter or any one else to send in his resignation as it was for him to send it in himself.
The legal question in the case is whether the President can revoke his acceptance of an officer’s resignation after the officer has received notice of such acceptance.
Between private persons, as corporations and individuals, offices are merely contracts of agency, and subject to the rules and incidents that belong to such contracts, and in their administration all that is to be regarded is the intent of the parties; and in these civil offices, where a resignation is made and accepted, it takes its effect from the assent of the parties, and it may, by the like assent, be thereafter revoked or modified at their pleasure, so long as they do not affect third parties, and to that effect are the common-law authorities cited for the petitioner.
But in the Army the rules are different because their purpose is different, and that purpose is the systematic organization of a large body of men; and for this the fixed rules and the strict adherence to such rules are required, which will produce throughout the organization that certain and uniform action which belongs to a machine; and hence the rules and articles of war, and the statutes prescribing them, make a system of law entirely foreign to the common law.
By the general rule of the common law a resignation made and accepted is a completed transaction, for then the minds of the parties have met, and the legal consequences of their mutual assent follow. Therefore, if the mayor of a city sends in his resignation to the aldermen, and they, in the due exercise of their authority, accept it, the official life of the mayor thereupon ceases, and without more, and equally whether the mayor *597 knows of the acceptance of Ms resignation then or never; and this is the reason of the common-law decisions cited to us by the counsel for the petitioner.
But the Act August o, 1861, (12 Stat. L., p. 316, § 12,) makes a-different rule for our Army, and fixes definitely the time when and the means by which an officer shall cease to belong to the-Army and to be subject to military rules and orders, and thus purposely an d carefully prevents the effect the common law would give to an officer’s resignation and its acceptance by the Executive.
The section of the statute cited is as follows: “Be it enacted, &e., That any commissioned officer of the Army, Navy, or Marine1 Corps who, having tendered his resignation, shall, prior to due notice of the acceptance of the same by the proper authority, and without leave, quit his post or proper duties with the intent to remain permanently absent therefrom, shall be registered as a deserter, and punished as such.” And article 5, placitum 24, of the Army Regulations follows the language of the statute.
By the provisions of this statute, after an officer has sent in his resignation, and it has been accepted by the President, the officer is still a member of the Army, and subject to military law and orders, until he has received due notice of such acceptance, be that1 a. longer or shorter time. And by absolutely necessary implication, when the officer has received such notice of the acceptance of his resignation, he is no longer subject to military law or orders, and, therefore, then is no longer a member of the Army.
The statute, therefore, departs from 'the common law, and changes the military law previously existing by making the receipt of notice of the acceptance of an officer’s resignation necessary to his discharge from the Army. And at the same time it necessarily makes such notice of the acceptance of his resignation efficient for his discharge from the Army; for upon the receipt of such notice he is to go free where he pleases, and is without more absolutely discharged from military law and orders. And that effect is the intent of the statute. And every effect of a statute is a fixed effect, and cannot be altered or qualified by the Executive in any way or degree; for if it could be in any, it might be in all, and the Executive might nullify the statutes.
*598 Now, the facts are found that the President accepted the resignation of the petitioner, and that he received notice of such acceptance on the 8th of November, 1868. And we think that •on the receipt of such notice he was then, by the force of the • statute, discharged from the Army as completely as if he had never belonged to it; and that such intent and eifect of the statute could not be set aside by the President’s subsequent revocation of his acceptance; and that the President could not, of his own authority merely, restore the petitioner to the place in the Army from which he had been discharged by a statute.
It is stated in the finding of facts that it was not shown “ that the President, at the time of accepting the petitioner’s resignation, had been informed of the manner in which it had been lodged with General Potter, or of the fact that the date had been filled by a third person, or of any of the circumstances connected with the resignation.” , And this merely means that as to all this there was no evidence whatever. But there was nothing in the evidence to suggest any concealment of the facts of the case from any one acting in it, or that anything was done by General Potter, or any one else holding and transmitting the petitioner’s resignation, which he had not fully authorized.
The judgment of the court is that the petition be dismissed.