What evidence would have been elicited had the questions been answered, and how far it might have gone to sustain the plaintiff's cause of action, it is, of course, impossible for us to determine, for it would be, at best, but speculation. But having reached the conclusion that such evidence was competent, and that the plaintiff was entitled to have it, the ruling excluding it was such error that, notwithstanding the slight evidence otherwise adduced upon the question of undue influence, the plaintiff is entitled to a new trial. Accordingly, we think this judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur; VAN BRUNT, P. J., in result.

---

(75 App. Div. 507.)

### SORRENTINO et al. v. GILETTI et al.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. CORPORATIONS—OFFICERS—ELECTION.
   Where, on application by petitioners to have themselves declared the lawfully elected trustees of an incorporated society, it appeared on undisputed testimony, as to one, that he had resigned, and that the society had accepted his resignation, it was error to declare him a trustee.

2. SAME—ELIGIBILITY—RESOLUTIONS.
   A resolution, adopted by a corporation, that only citizens should be eligible to the position of trustee, not incorporated in the by-laws, was revocable at any time, and others than citizens might be elected notwithstanding the resolution.

Appeal from special term, New York county.

Application by Rocco Sorrentino and others to have themselves declared the lawfully elected trustees of a corporation, and the election of Stanislao Giletti and others declared null and void. From an order granting the application, and an order refusing a reargument, said Giletti and others appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

John Palmieri, for appellants.
Antonio C. Astarita, for respondents.

INGRAHAM, J. It would appear from the undisputed testimony that the relator Galuori resigned as trustee, and that his resignation was accepted by the corporation. In view of such resignation, I do not think the court was justified in declaring that he was a trustee for the year 1902. As to the other relators, however, I think they were legally elected. The resolution that only citizens should be eligible to the position of trustees was, if adopted at all, a resolution of the society which it could revoke at any time. It does not appear that any by-law of the corporation fixing citizenship as a qualification for a trustee was adopted. Subsequently, when the society elected these relators trustees, it had the right to elect anybody eligible under the law, notwithstanding that a resolution had been passed that it would not elect as trustee any member who was not a citizen of the United States. The election, therefore, was valid, and the persons

elected became trustees of the corporation. There was no acquiescence or laches that would prevent the legally elected trustees from insisting upon performing the duties of the office. This was not a case where there was a void or illegal election, and where the court should order a new election, but where certain trustees were lawfully elected, and are entitled to perform the duties of the office.

The order appealed from should be modified by denying the application as to Galuori, and, as to the other relators, affirmed, without costs of this appeal. All concur.

(75 App. Div. 536.)

## POILLON v. POILLON.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. DIVORCE—AFFIDAVITS FOR ALIMONY—RIGHT TO REPLY.

Defendant in divorce having appealed from judgment for plaintiff, and the question of alimony having been referred to a referee, plaintiff moved for temporary alimony. Her affidavits failed to establish her inability to support herself pending the appeal, or the husband's ability to pay. At the hearing, the court allowed her to file new affidavits "in reply" to defendant's, but which were in reality an attempt to make out a case de novo. Defendant was not allowed to reply. *Held*, that the "replying" affidavits should either have been refused, or, if admitted, defendant should have been allowed to reply thereto.

2. SAME—ATTORNEY'S FEES.

Notwithstanding Code Civ. Proc. § 1769, providing that the court may, during the pending of an action for divorce, require the husband to pay money necessary to enable the wife "to carry on" or defend the action, the court is not authorized, after judgment for the wife, to order the husband to pay counsel fees to compensate an attorney for services previously rendered in procuring the judgment.

Appeal from special term, New York county.

Action by Frederica M. Poillon against John J. H. Poillon. From an order awarding alimony and counsel fee, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

Eugene Frayer, for appellant.
Edward R. Finch, for respondent.

McLAUGHLIN, J. This action was brought for an absolute divorce. The plaintiff succeeded upon the trial, and judgment was thereafter entered dissolving the marriage contract and awarding the plaintiff $4,500 per year as alimony, unless the defendant elected, at his own expense, to go to a reference on the question of the amount of alimony. He did so elect, and thereupon the matter was sent to a referee to take proof and report the same to the court. From the judgment defendant appealed,.and, after such appeal had been taken, the plaintiff moved, upon an affidavit made by her, the judgment roll and notice of appeal, for an order allowing her temporary alimony pending the reference and appeal, and for counsel fee. Upon

¶ 2. See Divorce, vol. 17, Cent. Dig. § 644.