# State, *ex rel.* Almon *v.* Fowler.

*Quo Warranto.*

(Decided Feb. 4, 1908.   Rehearing denied April   , 1909.
48 South. 985.)

1. *Officers; Resignation; Revocation.*—A contingent or prospective resignation of an office may be withdrawn at any time before acceptance; but an unconditional resignation to take effect immediately cannot be withdrawn even with the consent of the power authorized to accept it.

2. *Clerks of Court; Resignation; Conditional Acceptance.*—Where a clerk of the court resigned to become effective on acceptance by the judge and the judge accepted it to take effect at a future day, such resignation was revocable by the clerk if made before the day of acceptance.

APPEAL from Morgan Circuit Court.

Heard before Hon. J. J. RAY.

Quo warranto by the state of Alabama, on the relation of D. C. Almon, Solicitor, against James S. Fowler, Clerk of the Circuit Court. Judgment quashing the proceedings, and relator appeals. Affirmed.

The case made by the petition is: That Fowler was elected to the office of clerk of the circuit court of Morgan county at the November election, 1904, and qualified as such. That on the 21st day of August, 1908, he resigned; his resignation being as follows: "Decatur, Ala., Aug. 21, 1908. Hon. D. W. Speake, Judge, etc., Decatur, Ala.: I hereby resign the office of clerk of the circuit court of Morgan, and ask that the same be accepted by you, the acceptance to take effect at such time as you may fix or determine. James S. Fowler." That the said resignation was accepted by said judge in writing and indorsed thereon as follows: "The above and foregoing resignation is hereby accepted by me, the said acceptance to take effect on the 19th day of September, 1908. D. W. Speake, Judge." It is then alleged on the 26th day of October, 1908, Judge Speake appointed George T. Britnell, a citizen of Morgan county and a qualified elector, to fill the vacancy, and that he qualified, but has never been able to get possession of the office or possession of the books, papers, etc. The defense set up is that, although the facts stated in the petition are true, nevertheless on the 12th day of September, 1908, Fowler wrote to Judge Speake, addressing him at Moulton, where he then was, in terms withdrawing his resignation, and that said letter reached Judge Speake before the 19th day of September, 1908.

LOWE & TIDWELL, W. H. LONG, JR., and KIRK, CARMICAEL & RATHER, for appellant.—The resignation was properly made to the judge.—Sections 1564 and 1566, Code 1907; Section 165, Constitution 1901. Where a

resignation is once made and transmitted, it cannot be revoked.—49 Ala. 402. It is not necessary that the resignation should be in writing.—23 A. & E. Ency. of Law, 422. The courts will consider the occasion which gave rise to the contract the relation of the parties, and the object to be accomplished.—*McGhee v. Alexander*, 104 Ala. 121; 117 Ala. 518. See also the case of *Whitney v. VanBuskirk*, 40 N. J. L. 463.

BROWN & KYLE, CALLAHAN & HARRIS, and E. W. GODBEY, for appellee.—A prospective resignation may be recalled at any time before acceptance.—19 A. & E. Ency. of Law, 562; *Sherman v. Dill*, 2 Am. Dec. 410; *State v. Clayton*, 41 Am. Rep. 418; *Bunting v. Willis*, 21 Am. Rep. 338; *Willard v. Willard*, 10 Ind. 66; 32 Kan. 191; 56 Mo. 17; 29 Cyc. 1404; 6 Cal. 26. On these same authorities, it must be held that the resignation was prospective and not immediate.

ANDERSON, J.—An unconditional resignation of a public office, to take effect immediately, cannot be withdrawn, even with the consent of the power authorized to accept it, and it does not seem to be material that the resignation had not been accepted.—*State v. Fitts*, 49 Ala. 402; 23 Am. & Eng. Ency. Law, 424. A contingent or a prospective resignation, however, can be withdrawn at any time before it is accepted.—29 Cyc. 1404. There are some authorities, however, holding that a resignation of a public office does not take effect until an acceptance, among which will be found the leading case of *State v. Clayton*, 27 Kan. 442, 41 Am. Rep. 418. But our court has, by the *Fitts Case, supra,* become committed to the doctrine that an acceptance is not necessary, when the resignation is unconditional and goes into effect immediately.

The resignation, in the case at bar, was not unconditional, as was the one in the *Fitts Case, supra,* but was to become final and effective only upon the acceptance by the judge. An unconditional acceptance by the judge would have rendered the resignation conclusive and effective; but, while the acceptance was indorsed by the judge August 21, 1908, it was conditional, in that its operation and effect was postponed until September 19, 1908. The acceptance not becoming effective until said 19th of September, the respondent had the right to withdraw said resignation, which he did on the 12th of September, 1908. The resignation was by its terms to take effect only upon the acceptance by the judge, and, the judge having made the acceptance effective upon a future day, the respondent had the right to withdraw said resignation before the arrival of the date fixed by the judge. The resignation did not take effect immediately, but was subject to the acceptance of the judge, and effective only upon the time designated by him, and was withdrawn before the said acceptance, by its very terms, became effective.

The case of *Murray v. State,* 115 Tenn. 303, 89 S. W. 101, is unlike the case at bar. There the officer requested that the resignation be acted upon at once by the judge of the county court, and it appears that it was on that day unconditionally accepted, and the opinion, following the *Grace Case,* 113 Tenn. 9, 82 S. W. 485, seems to have stressed the fact that the acceptance of the resignation ipso facto vacated the office. Here we had no unconditional acceptance, but one which, by its own terms, was not to become effective until a subsequent day.

The trial court properly gave the general charge requested by the relator, and the judgment is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.