*In Re:* ADVSIORY OPINION TO THE GOVERNOR.

Dec 29, 1934.
158 So. 441.

STATE OF FLORIDA
EXECUTIVE DEPARTMENT
TALLAHASSEE

December 27, 1934.

*To the Honorable, The Justices of the Supreme Court of Florida:*

Gentlemen.—I have the honor to ask your opinion as to the interpretation of the Constitution of this State in regard to my executive powers and duties thereunder in the following case, to-wit:

The Honorable Karl B. O'Quinn was at the regular General Election had and held November 8th, 1932, duly and regularly elected as Clerk of the Circuit Court in and for Pinellas County, State of Florida, for the full term of four years. The said Karl B. O'Quinn qualified and entered upon his duties as said Clerk of the Circuit Court of Pinellas County, Florida, January first, 1933, and remained in said office, performing the functions and duties of such office, and is now fulfilling his duties as said clerk; but the said Karl B. O'Quinn on the 7th day of December, 1934, tendered the undersigned as Governor of Florida his resignation, which in words and figures is as follows, to-wit:

"Honorable David Sholtz, Governor of Florida, Tallahassee, Florida:

"Dear Governor: I hereby hand you my resignation as Clerk of the Circuit Court, Pinellas County, Florida, to become effective January 1, 1935.

"With sincere personal regards, I am,

"Sincerely yours,

"KARL B. O'QUINN,

"KBO'Q:g" *"Clerk of Circuit Court."*

That on said date upon receipt of such resignation, the undersigned as Governor wrote in his own handwriting on the bottom of said sheet which contained this resignation the following:

"Accepted. DAVID SHOLTZ.

and the resignation was thereupon transmitted to the office of the Secretary of State.

I beg further to advise that the said Karl B. O'Quinn on December 26th, 1934, filed with me a purported withdrawal of said resignation in words and figures as follows:

Clearwater, Florida, December 24, 1934.

*"Honorable David Sholtz, Governor, Tallahassee, Florida:*

"Dear Governor Sholtz: On December 7 I tendered you

my resignation as Clerk of the Circuit Court of Pinellas County to become effective January 1, 1935.

"Since tendering you my resignation to be accepted and effective on that date, many matters have arisen over which you and I have no control, and until some of these matters can be straightened out to the entire satisfaction of all concerned, and inasmuch as you have not issued any commission to anyone and no one has qualified in all respects for the position, I, therefore, wish to withdraw my resignation and do herewith revoke, renounce and declare that said resignation is void and of no effect.

"With sincere personal regards, I am

"Very truly yours,

"K. B. O'QUINN,
*Clerk Circuit Court.*"

"KBO:EH."

After receiving the purported resignation above quoted, and before receiving the withdrawal of such resignation above quoted, the undersigned, as Governor, did appoint A. G. McQuagge as Clerk of the Circuit Court in and for Pinellas County, Florida, to take effect January 1st, 1935, for the remaining two years of said four years term of office, and the undersigned did transmit such appointment to the Honorable R. A. Gray, Secretary of State, for the purpose of having commission issue to said office of Clerk of the Circuit Court and returned to the undersigned for signature, but said commission has never been signed by the undersigned as Governor of the State of Florida.

Under the facts and circumstances as above set forth, is there such a vacancy in the case of this elective county office as that an appointment should be made by the Governor under Sections 7 and 13 of Article IV of the Constitution of the State of Florida, and if so, when should

the appointee take office and for what time should such appointment be made.

Most respectfully yours,

DAVID SHOLTZ,
*Governor, State of Florida.*

SUPRPME COURT OF FLORIDA.
TALLAHASSEE,
December 29, 1934.

*To His Excellency, David Sholtz, Governor of Florida, Tallahassee, Florida:*

Dear Sir.—Your letter of the 27th in effect states that the Governor received a written resignation from an elective county officer to take effect at a subsequent date, January 1, 1935, during the incumbent's term of office; that the Governor endorsed his acceptance of it on the resignation and transmitted it to the office of the Secretary of State; that the Governor also transmitted to the Secretary of State an appointment to fill the office, for the purpose of having a commission issued, but such commission has not been signed by the Governor; and that on December 26, 1934, the officer filed with the Governor a purported withdrawal of said resignation. An opinion is requested as to whether under the facts stated in your letter there is such a vacancy in the elective office that an appointment may be made by the Governor under Section 7, Article IV of the Constitution, and, if so, for what time the appointment should be made.

The Constitution provides that when any office, from any cause, shall become vacant, and no mode is provided by this Constitution or by the laws of the State for filling such vacancy, the Governor shall have the power to fill such vacancy by granting a commission for the unexpired term. Section 7, Article IV. The term of office of all appointees to fill vacancies in any of the elective offices under this Con-

stitution shall extend only to the election and qualification of a successor at the ensuing general election. Section 6, Article XVIII. All county officers, except Assistant Assessors of Taxes, shall, before entering upon the duties of their respective offices, be commissioned by the Governor. Section 7, Article VIII. By statute an office may become vacant by resignation. Section 461 (396) C. G. L.

Under the Constitution and laws of this State, the Governor is authorized to grant a commission to fill a vacancy only when an office "shall become vacant." When an officer tenders his resignation to take effect at a subsequent date, the office does not "become vacant" until the date on which the resignation becomes effective, though before such effective date of the resignation, the Governor may grant a commission to an appointed successor to be effective the day the resignation takes effect.

But if under lawful circumstances the incumbent files a written withdrawal of his resignation before the Governor grants a commission to a successor appointee and before the effective date of the resignation, such bona fide withdrawal operates ordinarily to prevent the office from becoming vacant to be filled by the granting of a commission by the Governor. This is so since the office does not "become vacant" until the date the resignation becomes effective; and a vacancy can be filled only by granting a commission to an appointee; and until a commission is granted to a successor appointee, or until the effective date of the resignation, the Governor may not have cause to refuse a withdrawal of the resignation; and until a commission is granted to him the contemplated successor acquires no substantial right as an appointee.

Under the facts stated and the law applicable thereto, it does not appear that the office referred to has "become vacant" so as to authorize an Executive commission to be

granted to fill a vacancy in the office under Section 7, Article IV of the Constitution. See State v. Fowler, 160 Ala. 186, 48 So. 985, 135 Am. St. Rep. 91; 46 C. J. 979.

<div align="center">Respectfully,</div>

<div align="right">

FRED H. DAVIS,

J. B. WHITFIELD,

W. H. ELLIS,

ARMSTEAD BROWN,

GLENN TERRELL,

RIVERS BUFORD,

*Justices Supreme Court.*