**POLAND et al. v. GLOVER.**
No. 5713.

United States District Court
W. D. New York.
April 23, 1953.

Robert J. Lansdowne, Buffalo, N. Y., for plaintiffs. A. J. Selburn and J. K. Underwood, Detroit, Mich., of counsel.

Walter J. Mahoney, Buffalo, N. Y., for defendant. Clifford D. O'Brien and Solomon Sachs, Chicago, Ill., of counsel.

KNIGHT, Chief Judge.

This is a suit to restrain the defendant from performing the duties of President of the Switchmen's Union of North America. The plaintiffs are, or were, members of the Executive Board and the defendant is, or was, during the times hereinafter mentioned, the President of the Switchmen's Union of North America.

It is made to appear that at some time prior to March, 1953, certain differences between the Executive Board, or members thereof, with the defendant had arisen and these came into the open in discussions commencing on or about March 20, 1953.

On March 25, 1953, a written instrument was entered into between the members of the Executive Board and the defendant, in and whereby, among other things, it appears the defendant agreed to resign as such President, to become effective on April 30, 1953, and consented to the nomination by the Board of John P. Brindley, one of the plaintiffs here, as Acting President, intervening his selection as such President, on April 30, 1953.

The complaint herein was served on April 17, 1953, and on the same day a temporary order restraining the defendant from acting as President was issued, returnable on April 20, 1953. No answer has been served.

On April 21, 1953, several affidavits were filed and a hearing was held by this Court, touching the issues involved.

On April 11, 1953, the defendant, purporting to act as the International President, advised Brindley, Rook, Van Heck and Poland, Vice Presidents of the International and members of the Executive Board, that they were removed from office as Vice Presidents, effective as of that date.

On April 12, 1953, defendant sent a telegram to each of the officers and members of the subordinate lodges notifying them

that he, as International President, was calling a special convention to convene at Buffalo, New York, on April 27, 1953. He detailed the purposes of such convention.

On April 13, 1953, defendant notified Perry, Morton and Inglis that he was withdrawing the resignation dated March 25, 1953.

On the same day, April 13, 1953, the members of the Executive Board, except defendant, who was not present, wrote the officers and members of the subordinate lodges of the resignation of the President, of its acceptance and of the election of Vice President Brindley to fill the term of the President until April 30, 1953, at which time Brindley was to be officially designated as International President.

It seems to me, in view of the prospective resignation, that so long as defendant is physically able to perform the duties of his office as President, until the 30th day of April, 1953, at least, he is chargeable with the conduct of that office for that period and could not be relieved from those duties by his prospective resignation.

Many cases have been cited by counsel, and the Court has examined several cases not cited by counsel. By the great weight of authority, a prospective resignation may be withdrawn before the time prescribed for it to take effect. State ex rel. Ryan v. Murphy, 30 Nev. 409, 97 P. 391, 720, 18 L.R.A.,N.S., 1210; State ex rel. Nourse v. Clarke, 3 Nev. 566, 574; State ex rel. Williams v. Beck, 24 Nev. 92, 49 P. 1035; In re Advisory Opinion to Governor, 117 Fla. 773, 158 So. 441; State ex rel. Almon v. Fowler, 160 Ala. 186, 48 So. 985, 135 Am.St.Rep. 91; 46 C.J. 979; 67 C.J.S., Officers, § 55, pages 226–227; State ex rel. v. Huff, 172 Ind. 1, 87 N.E. 141.

The prospective resignation could not be accepted, except upon the terms stated therein. To constitute a resignation, it must be unconditional and with the intent to operate immediately as such. Where there is statutory provision, or regulation having the effect of law, for resignation of public officers, including the armed forces, Mimmack v. United States, 10 Ct.Cl. 584, the effect of the resignation is controlled thereby. Generally, where the resignation is effective immediately upon its tender, there can be no withdrawal, if it has been properly presented, whether accepted and acted upon by those authorized. Noble v. Euler, 20 App.Div. 548, 47 N.Y.S. 302; Harry Levi & Co. v. Feldman, Sup., 61 N.Y.S.2d 639; Sorrentino v. Ciletti, 75 App.Div. 507, 78 N.Y.S. 322; Joseph v. Raff, 82 App.Div. 47, 81 N.Y.S. 546, affirmed 176 N.Y. 611, 68 N.E. 1118.

The plaintiffs seek to restrain the holding of the convention called by the defendant for April 27, 1953. Aside from the question of the authority of the defendant to call the convention, the plaintiffs urge that the holding of such convention would entail a large expense. In view of the fact that the defendant was acting within his authority in calling the convention, this objection has no force.

During the hearing herein the plaintiffs offered an amended complaint. This, when presented, was received without objection. Later objection was made by the defendant. Irrespective of the fact that the amended complaint contains certain material allegations not included in the original complaint, the injunction herein, it is believed, still continues as respects the allegations in the complaint which are repeated in the amended complaint. However, the motion becomes academic and need not be decided.

The temporary order restraining the defendant is vacated and the proceeding is dismissed. Present order in accordance with this opinion.