## Palmatier v. Phillips

*A. Bruce Niccolo*, for petitioner.
*Theodore O. Rogers*, for respondents.

GAWTHROP, P. J., June 26, 1963.—James H. Palmatier, formerly a regular full time police officer in the police department of Easttown Township, a township of the second class, has appealed from the action of the Board of Supervisors taken at its regular meeting held January 21, 1963, by which it sought to remove him from his employment without filing written charges against him or affording him the public hearing which he requested. He invokes in his protection

the provisions of the Act of June 15, 1951 P. L. 586, as amended, 53 PS §§811-815. After hearing testimony and argument thereon the matter is before us for decision.

The Act of 1951 in material part provides in section 2 that:

"No person employed as a regular full time police officer in any police department of any township of the second class . . . shall be suspended or removed except for the following reasons: . . . (4) . . . conduct unbecoming an officer . . . A written statement of any charges made against any person so employed *shall* be furnished to such person within five days after the same are filed."

And in section 4 thereof, inter alia:

"If the person sought to be suspended or removed shall demand a public hearing, the demand shall be made to the appointing authority. Such person *may* make written answers to any charges filed against him. The appointing authority *shall* grant him a public hearing, which *shall* be held within a period of ten days from the filing of charges in writing, and written answers thereto filed within five days. . . ." (Italics ours.)

In section 5 it affords a dismissed employe the right to appeal to the court of common pleas of the county in which he was employed.

The Act of 1951 extended to all police forces in townships of the second class the tenure given by the Act of June 5, 1941, P. L. 84, 53 PS §351.1, et seq., to police forces of boroughs, incorporated towns and townships of the first class employing three or more police. "This was an expression of public policy to grant job tenure to all police employed by such municipalities regardless of their political classification. The desirability of granting employment security has long been recognized as mutually beneficial to employer

and employee": McCandless Twp. v. Wylie, 375 Pa. 378, 383; Petras v. Twp. of Union, 409 Pa. 416. Clearly if the requirements of the act have not been complied with the officer's removal is illegal and void: Petras, supra. On appeal to it, the court of common pleas may take additional testimony and find the facts necessary to a just determination of the controversy and determine the case "as the court deems proper" by analogy to the legislative intent expressed as to substantially similar proceedings under the Act of 1941, supra: Vega Appeal, 383 Pa. 44, 48. Since no hearing was held and no testimony taken by the appointing authority testimony had to be taken by the court.

Coming now to the evidence, about the close of its regular meeting of January 21, 1963, the chairman of the board of supervisors inquired of those present whether there was any other business to come before the board. Without prior notice given or complaint made either to his superior officer, the chief of police, or to any other township official, Palmatier read aloud a purported letter of resignation from the police force. The letter was not delivered to the board or the township secretary nor was its delivery requested at that time by any member of the board or other township official. At the close of the meeting certain news reporters present were permitted by Palmatier to copy the letter, or substantial excerpts from it, which were published the following day in at least two newspapers of general circulation in the township and are in evidence from the township secretary's files.

The letter contained accusations of "harassment" by the chief of police of Palmatier and other officers, of his partiality toward certain officers, and of deliberate action to turn various officers against each other and to make them informers. It further charged increasing lack of harmony among the supervisors. It conditionally threatened Palmatier's resignation, "un-

less great changes are made," effective two weeks thereafter on February 4, 1963. The chairman of the board, after a brief conference among its members, stated that the board would accept Palmatier's resignation, not upon its terms, but effective immediately, and on motion duly seconded and carried the board accepted the resignation "effective at once" and adjourned.

By letter dated February 1, 1963, Palmatier, acting through counsel, requested payment of his salary to February 4, 1963, the effective date of the threatened resignation, and as an alternative requested a public hearing upon the matter of his removal. No salary was paid him after January 21, 1963. In a letter of reply to his counsel, dated February 4, 1963, the board informed Palmatier that it would charge him with conduct unbecoming an officer, requested delivery to it of his letter of resignation, and stated that the charge would be filed after receipt of the letter, it being required for that purpose. Palmatier has ever since declined to deliver the letter. No written charges have yet been filed by the appointing authority or furnished to the officer and no public hearing has been held. At its meeting held February 18, 1963, the board through its chairman stated in reference to its action taken January 21, 1963: "We did not accept the terms of his resignation and unless we get either a letter of resignation or an order of court directing us to have a hearing there will be no hearing on Palmatier."

On March 5, 1963, Palmatier stated to the township secretary that he was leaving that day for Arizona where he had secured employment, that he would live there with a friend until he found a home for himself, and that he would not attend the hearing on his appeal to this court on March 22, 1963.

We are not here concerned with the merits or demerits of the controversy between the officer and the

appointing authority but solely with the question whether the officer received the protection to which he was entitled under the Act of 1951. The term "liabilities" as used in the act includes a police officer's right to reinstatement after wrongful discharge, and the act imposes on second class townships a liability to continue police officers in employment unless discharged for cause: McCandless Twp. v. Wylie, supra., at 385. While the immediate reaction of the board of supervisors to the reading of Palmatier's letter is readily understandable in human nature, it was legally ill-advised. Its action was not an effective acceptance of a resignation.

To resign is to give up, yield, abandon or relinquish by voluntary act an office or position. A resignation is characteristically the voluntary surrender of a position by one resigning, made freely and not under duress, and is defined generally as the act of resigning or giving up a position: 77 C. J. S. 311. The conditional terms of Palmatier's letter constituted merely a threatened offer, not a tender, of his resignation: Application of Havender, 44 N. Y. S. 2d 213; and in any event by its terms was not to be effective until two weeks later. Under such circumstances it was not open to immediate acceptance by the board, whose action in accepting it "effective at once" was a legal nullity. "The prospective resignation could not be accepted, except upon the terms stated therein. To constitute a resignation, it must be unconditional and with the intent to operate immediately as such": Poland v. Glover, 111 F. Supp. 675. If a resignation is not intended to take effect until some future time it cannot be accepted until that day: Commonwealth ex rel. Hovis v. Zeigler, 29 D. & C. 2d 562; Commonwealth ex rel. District Attorney v. Hess, 2 D. & C. 530. Therefore the board's action amounted to removal of the officer and not a valid acceptance of his resignation.

Admittedly no written charges have been filed or furnished to the officer upon his demand for a public hearing. The Act of 1951 is mandatory in requiring that such charges be filed, a copy furnished the officer within five days after they are filed, and a public hearing held within ten days of their filing. The board has failed to meet any of those requirements. The gist of Palmatier's letter has been available to it from newspaper clippings in its own files as well as from having heard the letter read to the board. It is no answer to say that the letter itself is necessary before the charges can be filed for it is not. But the board has persisted in that position, as evidenced by its chairman's statement made at its meeting of February 18, 1963, and also in refusing to hold a public hearing unless the officer agreed, in addition to delivering the letter, to file a written answer to the charges when filed. There is no legal basis for either requirement.

Section 2 of the Act of 1951 requires that the appointing authority shall furnish a written statement of any charges to the officer sought to be removed within five days of filing them. Section 4 provides that the officer *may* file written answers thereto. The former provision is mandatory; the latter is permissive only. The requirement of a public hearing to be held within "ten days from the filing of charges in writing, and written answers thereto filed within five days," neither requires the filing of answers or extends the time for holding a hearing. It merely fixes the time within which answers, if any, *may* be filed. Therefore the board may not require the officer to file, or agree to file, answers as a prerequisite to a hearing. To hold otherwise would engraft upon the act provisions not contained in it nor intended by the legislature, and that may not be done: Rossiter v. Whitpain Twp., 404 Pa. 201, 205.

There is no semblance of compliance by the board with the requirements of the Act of 1951. On the contrary, it has refused either to file written charges or hold a public hearing except upon conditions which cannot be justified. We do not condone the officer's conduct but we cannot sustain the board's action. Consequently we have no alternative but to hold the officer's removal invalid and order his reinstatement: Petras, supra. However, as of March 5, 1963, Palmatier was no longer available for duty, having obtained other employment in Arizona and departed from this area that day. Therefore, while he is entitled to be paid the salary due him from January 21, 1963 to March 4, 1963, he is entitled to no compensation beyond that date.

### Order

And now, June 26, 1963, the appeal of James H. Palmatier from his removal as a police officer in the police department of Easttown Township by the Board of Supervisors thereof on January 21, 1963, is sustained, and the Township of Easttown is hereby ordered to reinstate the said James H. Palmatier as a police officer in said township as of January 21, 1963, and to pay him the salary due him as such officer from that date to and including March 4, 1963.