EMBRY, Justice.
This is an appeal from a summary judgment entered in behalf of the City of Mobile which dismissed the petition for declaratory judgment of the Personnel Board of Mobile County, Alabama, that sought to enforce its order requiring the City of Mobile to put intervenor, William F. Vickery, back to work as a police officer.
Simply stated, the issue is whether under the facts of this case, a pertinent rule of the Mobile County Personnel Board, and applicable law, Vickery effectively withdrew his resignation from employment by the City and was entitled to reinstatement.
Vickery was employed by the City of Mobile as a police officer and his employment was governed by the Merit System administered by the Mobile County Personnel Board. On the date shown Vickery executed the following document:
“March 16, 1979
“TO: Chief of Police
“FROM: Officer William Vickery
“Please accept this as my resignation from Mobile Police Department, effective at the end of my tour of duty on March 30, 1979.
“As I have given the necessary two weeks notice, I hope my name will remain in good standing with the Mobile County Personnel Board.
“Respectfully,
“s/ William F. Vickery
Officer William Vickery
Badge # 131”
On the date shown the members of the City Commission of Mobile directed the following letter to the person indicated thereon with a copy of their letter to Vickery attached:
“March 21, 1979
“Mr. Bernard M. Richardson, Jr.
Personnel Director
“Dear Mr. Richardson:
“Attached please find letter of resignation from officer William Vickery, Mobile *45 Police Department, to become effective at the end of his tour of duty on March 30, 1979.
“As Officer Vickery is giving the required notice, we respectfully request that his resignation be accepted in good standing.
“Very truly yours
“s/ Lambert C. Mims
Mayor
“s/ Gary A. Greenough
Commissioner
“s/ Robert B. Doyle, Jr.
Commissioner
“RBD:r
Att.
cc: Chief Donald M. Whittle
Mrs. Agnes Whiteside
Budget”
“March 21, 1979
“Officer William Vickery
Mobile Police Department
“Dear Officer Vickery:
“We have received your letter of resignation. In view of the results of the Internal Affairs Investigation, file # IAU 508, based upon the complaint of W. C. Porter, we hereby accept your resignation. We will recommend that this resignation be accepted in good standing; but at the same time will oppose your being allowed to be placed on the reemployment list for a police officer in the City of Mobile.
“Very truly yours,
“s/ Gary A. Greenough
Mayor [Sic]
“s/ Lambert C. Mims
Commissioner [Sic]
“s/ Robert B. Doyle, Jr.
Commissioner
“RBD:r
cc: Mr. Bernard M. Richardson, Jr.
Chief Donald M. Riddle”
Subsequently, the Personnel Director sent the following letter to the City Commission:
“March 22, 1979
“Board of City Commissioners
City Hall
Mobile, Alabama
“Gentlemen:
“Re: Resignation of William Vickery
“In accordance with your letter of March 21, 1979, we are posting our records to show the resignation ‘In Good Standing’ of Mr. William Vickery, Police Officer, I SWAT, with the City of Mobile Police Department, effective March 31, 1979.
“Sincerely
“Bernard M. Richardson, Jr.
Personnel Director
“BMR/mos
cc: Mr. Patrick W. Kelly
Chief Donald M. Riddle
Mr. William Vickery”
Later, Officer Vickery sent the following letter to the Mobile City Commission:
“William F. Vickery
Badge 131
Mobile City Police Department
Mobile, Alabama
March 29, 1979
“Mobile City Commission
P. 0. Box 1327
Mobile, Alabama
“Attention: Commissioner Robert B. Doyle
“Gentlemen:
“This is to advise that I am withdrawing my letter of resignation, dated March 16, 1979, submitted to you through Chief Donald M. Riddle. My action comes after careful consideration. At the time of the submission of my letter, I was under extreme mental pressure due to an impending domestic matter.
“I wish to continue to serve as an officer on the Mobile Police Force as law enforcement is my choice career and I believe I can continue to render effective service to the Department, the city and the citizens of Mobile.
“Yours very truly,
“s/ William F. Vickery
William F. Vickery
Badge 131
*46 “cc: Donald Riddle, Chief of Police
Marvin Richardson
“P.S. Since his attempted resignation was not accepted according to the rules of the Personnel Board, I feel that the resignation is ineffective.
“JG”
[The initials “JG” quite obviously are those of one of the attorneys for the Personnel Board: John Grow.]
This was followed by a letter to the City Commission from the Personnel Director:
“March 30, 1979
“Board of City Commissioners
City Hall
Mobile, Alabama
“Gentlemen:
“I am in receipt this date of a letter from Police Officer William F. Vickery withdrawing his letter of resignation dated March 16, 1979.
“The Mobile County Personnel Board has consistently held that an employee wishing to withdraw a letter of resignation has that privilege and may do so prior to the effective date of his recognition. Inasmuch as the effective date of his resignation was to be March 31, 1979, I am hereby posting our records accordingly.
“Very truly yours,
“Bernard M. Richardson, Jr.
Personnel Director
“BMR/mos
cc: Chief Donald M. Riddle
Mr. Patrick W. Kelly
Mrs. Agnes Whiteside
Mr. William F. Vickery
be: Mr. John Grow”
After withdrawing his resignation Officer Vickery attempted to report for duty, but was not permitted to go back to work. The City took the position that it had unconditionally accepted the resignation prior to its withdrawal and that Vickery was not entitled to reinstatement.
Then, before the petition for declaratory judgment was filed, the personnel director, acting for the Board, sent the following letter to the Commission:
“April 10, 1979
“Board of City Commissioners
City Hall
Mobile, Alabama
“Gentlemen:
“Re: Mr. William F. Vickery
“At a special meeting and Public Hearing held this morning, the matter of the position you have chosen to assume concerning the withdrawal of the resignation submitted by Mr. William F. Vickery, Police Officer II, was presented to the Mobile County Personnel Board. In view of prior precedent and recent Supreme Court rulings, the Board asked me to direct this correspondence to you advising you that you should call Mr. Vickery to work immediately and that he should suffer no loss of emoluments since the last day you permitted him to work which I understand was March 31, 1979.
“Sincerely yours,
“Bernard M. Richardson, Jr.
Personnel Director
“BMR/rku
CC: Chief Donald M. Riddle
Mr. Patrick W. Kelly
Mr. William F. Vickery”
The pertinent rule of the Personnel Board of Mobile County is No. 3.10:
“RESIGNATION: 3.10 An employee who wishes to resign from the service in good standing shall submit his resignation in writing to his Appointing Authority or department head not less than 80 work hours, for those employees on a forty (40) hour work week, and for those employees whose work week is based on the average work week of 56 hours, they must give 112 work hours notice before resignation can be in good standing. The Appointing Authority shall endorse thereon his evaluation of the employee’s service and forward the same to the Director forthwith. Any employee who leaves the service without giving notice as required herein shall be ineligible for reinstatement, except that, under unusual conditions, the requirements of the foregoing *47 rule may be waived when, in the judgment of the Director, the circumstances warrant such action.”
This case is governed by City of Dothan v. Lucas, 47 Ala.App. 336, 254 So.2d 341 (1971), which relied on State ex rel. Almon v. Fowler, 160 Ala. 186, 48 So. 985 (1909).
It is apparent from the letter of 21 March 1979 from the Commissioners to the Personnel Board that the City recognized that Vickery’s resignation would be effective prospectively on 30 March 1979. This is obvious, in spite of its contention that, by the terms of the letter of 12 March 1979 to Vickery, his resignation was unconditionally accepted effective the date of that letter and therefore his withdrawal of resignation was ineffective. The position of the City is not tenable under the principles laid down in Lucas, relying on Almon.
Furthermore, although we need not here decide this issue, it is questionable whether the acceptance of his resignation was effective in light of the provision in Rule 3.10:
“ * * * The Appointing Authority shall endorse thereon his evaluation of the employee’s service and forward the same to the Director forthwith. * * ”
For the reasons disclosed by the documents set out, under the authority of City of Dothan v. Lucas, supra, and on the record in this case, summary judgment of dismissal of this action is due to be reversed and remanded for further proceeding in accord with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C. J., and FAULKNER, AL-MON and SHORES, JJ., concur.