BRADLEY, Judge.
This is a personnel case from Jefferson County which arose from a Bessemer city employee’s attempt to withdraw his resignation. The case is before this court by writ of certiorari.
Mr. Norman L. Rhea, respondent, was employed by the City of Bessemer as Superintendent of the Public Improvements Department. On the morning of February 4, 1980, Rhea contacted William Hyche, Commissioner of Public Improvements and Rhea’s supervisor. Rhea indicated to Hyche that he wished to resign his position and take his retirement, and asked Hyche if he would accept his resignation. After some discussion Hyche said he would accept Rhea’s resignation. Hyche then requested Rhea to confirm this conversation in writing. The next day, February 5, 1980, Hyche received a letter from Rhea confirming the conversation of the previous day regarding Rhea’s retirement, which was to be effective April 1, 1980.
In the weeks following his decision to retire, Rhea reviewed his financial situation and determined that it would not be financially feasible for him to retire at this time. Consequently, on March 4,1980, Rhea delivered a letter to Hyche stating his desire to withdraw his resignation. According to Rhea, the next day he received a letter from Hyche which stated essentially that Rhea had previously submitted his resignation, it had been accepted, and Rhea could not now withdraw it.
Rhea appealed the city’s failure to accept his withdrawal to the Jefferson County Personnel Board. On May 22, 1980 a hearing was held before the Board. After hearing the evidence the Board determined that Rhea had voluntarily resigned his position and that his resignation had been accepted on February 4, 1980 and, furthermore, that the resignation and acceptance were confirmed in writing in the February 5 letter. Therefore, Rhea ceased to be a permanent employee of the city on April 1, 1980 and the city was justified in replacing him after that date.
Pursuant to section 22 of the Personnel Board’s Enabling Act[1], Rhea appealed the decision of the Board to the circuit court. A three-judge panel reviewed the record of the proceedings before the Board and concluded that Rhea’s resignation had not been accepted prior to its withdrawal. Based upon the foregoing, the three-judge panel reversed the Board and ordered that Rhea be reinstated.
The holding of the three-judge panel is before this court by writ of certiorari on the petition of the City of Bessemer and the Jefferson County Personnel Board.
In Alabama a prospective resignation may be withdrawn at any time prior to its acceptance or its effective date. State ex rel. Almon v. Fowler, 160 Ala. 186, 48 So. 985 (1908); City of Dothan v. Lucas, 47 Ala.App. 336, 254 So.2d 341 (1971). Rhea’s resignation was not to be effective until April 1, 1980, so it was prospective in nature. City of Dothan v. Lucas, supra. The resignation was clearly withdrawn prior to the date it was to become effective. Thus, the issue before this court and the issue that was before the three-judge panel is whether Rhea had withdrawn his resignation prior to its acceptance.
As stated earlier, the three-judge panel concluded that Rhea’s resignation had not been properly accepted. In summary, the panel apparently reasoned as follows: rule 7.32 of the Jefferson County Personnel Board’s Rules and Regulations requires a permanent employee to submit to the appointing authority a notice in writing of his intention to resign or retire if the employee wishes to resign or retire in good standing. Rhea’s statements of February 4 concerning his decision to resign and retire obviously *837 did not comply with the requirement in rule 7.32 that the notice be in writing. Rhea’s decision to resign and retire was not binding upon him until he complied with rule 7.32 in the February 5 letter. Since there was no evidence of an acceptance of Rhea’s resignation after he complied with rule 7.32 and prior to March 4, the date of his letter of withdrawal, the three-judge panel concluded that Rhea was legally entitled to withdraw his resignation.
After reviewing the record, however, we find that the three-judge panel was incorrect in its conclusion. The Enabling Act limits the three-judge panel’s scope of review to a review of questions of law and a determination of whether the decision of the Board is supported by substantial and legal evidence. See Templin v. City Commission of Birmingham, 279 Ala. 473, 187 So.2d 230 (1966); Ex parte Smith, 394 So.2d 45 (Ala.Civ.App.1981). The Board is to determine the weight and credibility of the evidence. Templin, supra. Based upon the record in this case we must conclude that the decision of the Board is supported by substantial and legal evidence and that it is not contrary to the applicable law.
The evidence regarding the conversation between Rhea and Hyche on February 4 is undisputed. The gist of that conversation, according to the testimony of both Rhea and Hyche, was that Rhea said he wanted to resign and retire and Hyche said he would accept Rhea’s resignation. At the suggestion of Hyche, Rhea wrote him a letter specifically confirming the oral resignation and acceptance of the previous day. The foregoing is sufficient, in the opinion of this court, to support the Board’s conclusion that Rhea resigned on February 4 and his resignation was accepted by Hyche on February 4.
The three-judge panel’s decision was based primarily upon its determination that Rhea’s resignation had to be in writing to be effective. Clearly rule 7.32 does require an employee’s resignation to be in writing— if he wishes to resign “in good standing.” Resignation in good standing would allow Rhea, if he wishes, to be considered for reemployment at a later date. See McPherson v. Mims, 385 So.2d 44 (Ala.1980); City of Dothan, supra. In light of the evidence in this case, it is not inconceivable to conclude that Rhea was not concerned with resigning in good standing. A person who is qualified to retire and has made the decision to retire is more than likely not concerned with the possibility of re-employment at his previous position. It is apparent that, at least on February 4, Rhea was not concerned with re-employment with the city, for Hyche testified that Rhea stated that he “just didn’t want to work for the city.” We also note that whether a person resigns in good standing apparently has no effect upon his ability to draw retirement benefits.
Just as there is no absolute requirement that a resignation be in writing, there is also no requirement that the acceptance be in writing. Axiomatically the acceptance must come after the offer of resignation. This procedure occurred orally on February 4 and that is all that is required under the law as it now stands.
In closing, we emphasize that we are not endorsing the procedure that was followed in this case. Clearly the better practice would be to submit both the resignation and the acceptance of same in written form. However, we are bound by the law in its present form and the law presently does not specifically require in all cases written resignations or acceptances.
The judgment of the circuit court is reversed and the cause is remanded for entry of judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., concurs.
HOLMES, J., dissents.

. Act No. 248, Acts of Alabama 1945, as amended by Act No. 562, Acts of Alabama 1947; Act No. 670, Acts of Alabama 1953; Act No. 1600, Acts of Alabama 1971 and Act No. 679, Acts of Alabama 1977.