JONES, Justice.
We granted the petition for writ of cer-tiorari to review the Court of Civil Appeals’ decision, 426 So.2d 835, in a personnel case from Jefferson County. We reverse.
In 1957, Norman L. Rhea became superintendent of the Public Improvements Department for the City of Bessemer. He continued in this employment without incident until February of 1980. On February 4,1980, Rhea met with William Hyche, City Commissioner of Bessemer in charge of public improvements. At this meeting, Rhea told Hyche that he, Rhea, wished to tender his prospective resignation, if Hyche would accept it. Hyche requested that Rhea submit his tender of resignation in writing.[1]
The following day Rhea mailed Hyche a letter confirming their conversation of the previous day and tendering his resignation, effective April 1, 1980. There was no further oral or written communication between the parties until March 4, 1980, at which point Rhea forwarded to Hyche correspondence indicating that he sought to withdraw his earlier tender of resignation.
On March 5, one day later, Rhea received two letters from Hyche, one dated February 28, 1980, and the other dated March 4, 1980. In substance, the February 28 letter confirmed Hyche’s acceptance of Rhea’s “resignation” effective April 1, while the March 4 correspondence expressed Hyche’s intention not to accept Rhea’s attempt to withdraw his “resignation.”
Rhea appealed the City’s refusal to accept his withdrawal to the Jefferson County Personnel Board. On May 22, 1980, after an evidentiary hearing, the Board ruled: 1) that Rhea had voluntarily resigned his posi *840 tion; 2) that his resignation had been accepted on February 4, 1980; 3) that Rhea’s resignation and acceptance had been confirmed in writing in the letter of February 5; 4) that Rhea ceased to be a permanent employee of the City of Bessemer on April 1, 1980; and 5) the City was justified in replacing him after that date.
Pursuant to Section 22 of the Personnel Board’s Enabling Act,[2] Rhea appealed the decision of the Board to the circuit court. A three-judge panel reviewed the record of the proceedings before the Board and concluded that Rhea’s resignation had not been accepted prior to its withdrawal. Accordingly, the panel reversed the board and ordered Rhea’s reinstatement.
The Court of Civil Appeals granted certiorari to review the decision of the three-judge panel. The appellate court’s decision correctly reviews the applicable case law and the issue on appeal:
“In Alabama a prospective resignation may be withdrawn at any time prior to its acceptance or its effective date. State, ex rel. Almon v. Fowler, 160 Ala. 198 [186], 48 So. 985, (1908); City of Dothan v. Lucas, 47 Ala.App. 336, 254 So.2d 341 (1971). Rhea’s resignation was not to be effective until April 1, 1980, so it was prospective in nature. City of Dothan v. Lucas, supra, The resignation was clearly withdrawn prior to the date it was to become effective. Thus, the issue ... and the issue that was before the three-judge panel is whether Rhea had withdrawn his resignation prior to its acceptance.”
As stated in the majority opinion*of the Court of Civil Appeals, Rule 7.32 requires an employee’s resignation to be in writing— if he wishes to resign “in good standing.” Thus, reasoned the majority, “it is not inconceivable to conclude that Rhea was not concerned with resigning in good standing.” Accordingly, concluded the Court of Civil Appeals, Rhea submitted, and Hyche validly accepted, his resignation as of February 4, 1980, despite the fact that neither the offer, nor the acceptance, was reduced to writing.
We are unable to accept as correct or relevant the proposition that Rhea was unconcerned that his resignation be “in good standing.” Resignation “in good standing” would allow Rhea, if he so desired, to be considered for re-employment at a later date. While the Court of Civil Appeals was of the opinion that “[a] person who is qualified to retire and has made the decision to retire is more than likely not concerned with the possibility of re-employment at his previous position,” such subjective speculation concerning Rhea’s concern with re-employment rights adds nothing to the solution of the issue presented: whether Rhea withdrew his resignation prior to its acceptance.
Had the City accepted Rhea’s verbal tender of resignation on February 4, 1980, his “not in good standing” resignation would have become effective April 1, 1980. Instead, the City requested Rhea to tender his resignation in writing—the “in good standing” procedure. Once Rhea acceded to the City’s request and tendered his resignation in writing to the Commissioner, the procedure prescribed by the Rule obtained as though the February 4 conversation between Rhea and Hyche had never occurred. As here postured, we believe this case is controlled by McPherson v. Mims, 385 So.2d 44 (Ala.1980).
We accept the reasoning of Judge Holmes in his dissent, that Rhea’s February 5 correspondence to Hyche operated as the effective tender of resignation (prospectively as of April 1) and that because there was no acceptance thereof prior to Rhea’s March 4 letter withdrawing the same, as a matter of law, Rhea was entitled to be reinstated.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, AL-MON, SHORES, BEATTY and ADAMS, JJ., concur.
MADDOX and EMBRY, JJ., not sitting.

. Rule 7.32 of the Jefferson County personnel board’s rules and regulations requires a permanent employee to submit to the appointing authority a notice in writing of his intention to resign or retire, if the employee wishes to resign or retire in “good standing.”

. 1945 Ala.Acts 248, as amended by 1947 Ala. Acts 562; 1953 Ala.Acts 670; 1971 Ala.Acts 1600; 1977 Ala.Acts 679.