INGRAM, Presiding Judge.
Thomas McCluskey filed suit against the members of the Civil Service Board for the Sheriffs Office of Lauderdale County, Alabama, and its members and against the Lauderdale County Commission and its members. McCluskey alleged that the board improperly terminated him from his position as deputy sheriff. After an ore tenus proceeding, the trial court denied all relief requested by McCluskey. McClus-key now appeals to this court.
*313 The facts, in pertinent part, are as follows: Sometime prior to December 9, 1988, McCluskey had an altercation with his wife, which resulted in his being suspended from his job for five days. Within days after he returned to work, he had another altercation with his wife, which resulted in the sheriff’s being called to the scene. When the sheriff arrived at McCluskey’s apartment, the following conversation occurred: McCluskey: “I guess I’m fired, ain’t [sic] I, Sheriff.” Sheriff: “What would you do if you were in my position, [McCluskey]?” McCluskey: “I’ll just resign, Sheriff.” McCluskey then wrote out his own resignation as follows:
“Effective today — 12-10-88 0100 p.m.
“I hereby Resign as Deputy Sheriff of
Lauderdale County, Alabama, Personal.
“Thomas McCluskey”
After receiving McCluskey’s written resignation, the sheriff forwarded it to the county personnel clerk, who gave McClus-key credit for his annual leave and took him off the payroll.
The week following his resignation, McCluskey contacted the sheriff and told him that he had changed his mind and did not want to resign. However, the record reveals that McCluskey obtained other employment and did not attempt to return to his job as deputy sheriff until April 1989.
In March 1989, the sheriff wrote a letter to the board, stating that he was “reinstating” McCluskey as of April 1, 1989. There was also a letter written by the sheriff to the board stating that he had put McClus-key under “indefinite suspension.” Although this letter was dated December 10, 1988, there is testimony which indicates that the letter was not actually written until April and was therefore backdated. After these letters were sent, McCluskey returned to his old position. A complaint was then filed with the civil service board by other deputies, contending that the sheriff “hired” McCluskey without the advice and consent of the board. They alleged that the sheriff violated the civil service act, Ala. Acts 1971, No. 1695 and board procedures. The Board then ruled in favor of the deputies, and McCluskey was removed from the payroll.
McCluskey then filed suit in the circuit court, contending that his termination by the board was in violation of the civil service act. The board contended, however, that McCluskey had previously resigned his position as deputy sheriff and was no longer an employee and was, therefore, not afforded any rights under the act. As noted above, the circuit court denied all relief requested by McCluskey.
The dispositive issue on appeal is whether McCluskey had effectively resigned his position as deputy sheriff and, therefore, could only be rehired pursuant to the procedures set out by the act.
In Alabama a prospective resignation may be withdrawn at any time prior to its acceptance or its effective date. Ex parte Rhea, 426 So.2d 838 (Ala.1982); State ex rel. Almon v. Fowler, 160 Ala. 186, 48 So. 985 (1908). However, an unconditional resignation to take effect immediately cannot be withdrawn even with the consent of the power authorized to accept it. Almon, supra. Further, it does not seem to matter that the resignation has not been accepted. Almon, supra.
Here, it is clear that McCluskey’s resignation was not prospective. In fact, it is undisputed that it was to take effect immediately. Therefore, we find that, in accordance with Alabama law, McCluskey’s resignation was unconditional and could not be withdrawn with or without an acceptance. Almon, supra. We do point out, however, that in the instant case McCluskey’s resignation was, in fact, accepted by the sheriff and forwarded to the payroll office, where McCluskey was taken off the payroll. Therefore, even if the resignation was not effective immediately, it had been accepted and had become irrevocable at that time. Rhea, supra; Almon, supra.
We find no merit in McCluskey's argument that his resignation was not effective because it was not in the form provided by the Lauderdale County Commission (commission). Although there was testimony that the commission did have a form which could be filled out in order to resign, there was testimony which indicated that it was *314 not required to be completed. In fact, McCluskey testified that he was aware that this form was not required.
We also find no merit in McCluskey’s contention that he did not intend to resign, but rather considered himself on “indefinite suspension.” The sheriff testified that, in his ten years as sheriff, he had never initiated a suspension for more than thirty days. Furthermore, a suspension for more than thirty days is expressly forbidden by the civil service act.
In view of the above, we find that McCluskey resigned on December 10, 1988. Therefore, in order for McCluskey to be rehired, the sheriff had to have the advice and consent of the Civil Service Board, as set out in the act. Here, the record does not reveal that the sheriff sought the advice and consent of the Civil Service Board prior to rehiring McCluskey in April 1989. Further, there is no evidence that McClus-key applied for the position of deputy sheriff, as required by the provisions of the act. Accordingly, we find that McCluskey’s rehiring was ineffective, and we affirm the trial court’s decision.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.