82 So.2d 629

### Ex parte Ward BRACKEN.

### In re Ward BRACKEN

### v.

### Ray MULLINS, Personnel Director.

### 6 Div. 883.

Supreme Court of Alabama.

Aug. 18, 1955.

Rehearing Denied Oct. 13, 1955.

Jas. B. Smiley, Birmingham, for appellant.

Huey, Stone & Patton, Bessemer, for appellee.

404

guilty of charges preferred against him of conduct unbecoming an employee in the public service and demoting him. Code 1940, § 330, Title 62, as set out in the 1953 Pocket Part, with its subsections.

■ We are met at the threshold with the inquiry of whether any court has jurisdiction to review the findings of the Personnel Board. The argument seems to run that since the civil service law confers no right on the employee to hold the employment that therefore he has no standing in court in a proceeding to remove him from employment or to demote him. This same contention was advanced in Ex parte Darnell, 262 Ala. 71, 76 So.2d 770, and was disapproved by this court and we think soundly so. The rationale underlying being that under § 139 of the Constitution the Board itself occupied a quasi judicial status and that therefore the act was within constitutional bounds in allowing the appeal to the circuit court.

We assume the city clerk falls within the classified service as defined by § 330(22), Title 62, Pocket Part. Such an employee, of course, is subject to the restrictions of the act and is entitled to its benefits so long as those restrictions and benefits remain the law there applicable. Of course, the legislature could abolish the position in which one is employed or the city could do so, State ex rel. Hyland v. Baumhauer, 244 Ala. 1, 12 So.2d 326, and no vested right of the employee would thereby be affected. But as long as the position lasts, and the law remains as it is, if the Board dismisses, demotes or suspends the employee without such cause as is provided by the statute, he has thereby been deprived of a right which the law confers on him and to accord him judicial review by the act does not run afoul the Constitution. City of Meridian v. Davidson, 211 Miss. 683, 53 So.2d 48(1).

The strict constitutional question presented by the instant proceeding is whether an employee of the city of Homewood has the right to invoke the power of this court conferred by § 140 of the Constitution to superintend and control the circuit court of Jefferson County by a common law writ

SIMPSON, Justice.

Certiorari to the circuit court of Jefferson County to review a judgment of that court sustaining the finding of the Personnel Board adjudging the petitioner here

of certiorari with respect to its judgment on appeal from the decision or ruling of the Personnel Board of Jefferson County acting under the said civil service law (said § 330 with its subsections, supra).

The petitioner was the city clerk of the city of Homewood and as stated the Board found him guilty of the charge preferred against him and demoted him. He appealed to the circuit court under § 330(42), Title 62, Code, and that court affirmed the judgment of the board. By the instant proceeding in this court he seeks to have this court review the ruling of the lower court by an exercise of its right to issue such remedial writ as may be necessary to give it general superintendence over inferior jurisdictions under § 140 of the Constitution. This court did issue the writ of certiorari to the circuit court and thereby elected to exercise such power as it has jurisdiction to do. Such power and jurisdiction are here questioned by the respondent.

A similar power exists in the circuit court by statute. § 126, Title 13; § 1072, Title 7, with an appeal to this court provided in § 1074, Title 7.

Section 330(42), Title 62, supra, sets forth the provisions for dismissal, demotion and suspension of employees covered by the act, provides for a hearing of the charges before the Personnel Board and also an appeal from that decision to the circuit court. The section as pertinent now provides: "The decision of the board based upon all proceedings before the board shall be final subject to appeal by either party to the circuit court to review questions of law and the question of whether or not the decision or order of the board is supported by the substantial and legal evidence. On such appeal the circuit court shall review the record and shall affirm, reverse, remand or render said cause. The decision of the board shall be controlling until reversed on appeal as provided for herein. * * * [The presiding judge designates three circuit judges to hear the appeal and it is further provided:] The opinion of the majority of three judges to whom such case is assigned shall be determinative of the case and there shall be no appeal to any appellate court of Alabama." The statute would seem to have about the effect a certiorari would. See City of Meridian v. Davidson, supra, and cases cited.

■ The legislature may limit, restrict or abolish appeals. Constitution 1901, § 140; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803. But in the same constitutional section is conferred on the Supreme Court a general superintendence and control over all inferior courts. Williams v. Louisville & N. R. Co., 176 Ala. 631, 58 So. 315. But the right of certiorari is not affected by any appeal provisions of the act and on certiorari a limited review would be available. These are questions of law including a misapplication of law to the facts as found by it and when there is no evidence to support the finding. Ex parte Alabama Textile Products Corp., 242 Ala. 609, 7 So.2d 303, 141 A.L.R. 87; Cranford v. National Surety Corp., 231 Ala. 636, 166 So. 721; Alabama Power Co. v. City of Fort Payne, 237 Ala. 459, 187 So. 632, 123 A.L.R. 1337.

■ As we understand it, there is some contention that under such an appeal provision in the act making the judgment of the circuit court final, this court is inhibited from reviewing any action by certiorari. The legislature, however, cannot prohibit this court from exercising the power granted it under § 140 of the Constitution. It has the same power in that respect over inferior jurisdictions with limited power as it is when granted final jurisdiction. An analogous case is found in Williams v. Louisville & N. R. Co., supra, where although the act creating the Court of Appeals gave it final appellate jurisdiction in certain cases, it was held that certiorari to the Supreme Court under the power granted by § 140 of the Constitution would lie. The language there applied seems applicable here:

" ' * * * While we are clear that no statute can deprive the Su-

preme Court of its rank as the highest and ultimate repository of judicial power, we are equally clear that appellate jurisdiction of an inferior grade may be conferred upon other appellate tribunals. The Legislature cannot, under the guise of conferring inferior appellate jurisdiction upon other tribunals, grant them unlimited appellate jurisdiction; but it may grant such tribunals appellate jurisdiction by limiting it to classes of cases not of the highest grade and restricting its authority to appeals from recoveries of a limited nature.' * * *

" * * * The Constitution authorizes the creation of an inferior appellate court with final jurisdiction, and, when said court is given final jurisdiction, this court is shorn of appellate jurisdiction, but the jurisdiction so made is subject to the superintendence and control of the Supreme Court by the express terms of the Constitution. * * *" 176 Ala. 634, 58 So. 316.

We reach the conclusion, therefore, that this court is not prohibited by § 330(42), Title 62, supra, to issue a writ of certiorari to the circuit court to superintend and control that court to a limited extent in respect to the instant controversy. By that review, however, we are limited to a consideration of the proper application of the law involved and whether the ruling was supported by any legal evidence. If so, the judgment will be affirmed.

The said civil service law has provided proper judicial review for the protection of a civil service employee by an appeal to the circuit court. When so, the law cannot deprive him of his right to obtain a writ of certiorari from this court to look into the question of whether or not the circuit court committed an error of law or that its ruling was contrary to the legal evidence. Being permitted to appeal to the circuit court to protect his interests, for like reason he is permitted to seek a review of that ruling pursuant to the authority of § 140 of the Constitution if this court exercises its discretion to allow such review.

■ It is next contended by the petitioner that the office of clerk of the city of Homewood had a fixed term of four years beginning on the date of his election by the council under the provisions of § 405, Title 37, Code of Alabama, thereby bringing him within the protection of § 175 of the Alabama Constitution, and removable from office only by impeachment and that therefore the Personnel Board was without authority to act in the premises. See Bradford v. State, 226 Ala. 342, 147 So. 182. We do not regard the argument as tenable. The civil service law, supra, had the effect of modifying said § 405 in so far as terms of office of municipalities of Jefferson County are concerned and as respects officers elected by a city council. Section 330(22) of the civil service act specifies the employees and officers who come within the classified service and those in the unclassified service. It excepts officers elected by popular vote from the classified service and includes all other offices and positions in the county and municipal service and then expressly repeals all laws or parts of laws inconsistent with or in conflict with the act, § 330(47), Tit. 62, 1953 Cum. Pocket Part, Vol. 9. This repealing clause, therefore, eliminated the office which petitioner held from the influence of said § 405. Stone v. State ex. rel. O'Connor, 30 Ala.App. 500, 8 So.2d 210. It is therefore the conclusion of the court that petitioner did not hold office for a fixed term, but such tenure as would be subject to termination pursuant to the provisions of the civil service act. He therefore did not come within the protection of § 175 of the Constitution as construed in the Bradford Case, supra. Touart v. State, 173 Ala. 453, 56 So. 211.

■ It finally remains to consider whether or not the decision of the Board was justified under the facts. The limited appeal authorized by said § 330(42) restricted review by the circuit court to the question of whether or not the decision or order of the Board was supported by substantial and legal evidence, and our re-

view here of the judgment of the circuit court is controlled by our rule of review by certiorari—that is whether or not that court's decision is supported by any legal evidence.

The record discloses that petitioner as fiscal officer and city clerk paid certain persons for services rendered the city without first including the names on the payrolls submitted to the director of personnel for approval and certification as required by § 24 of the law, § 330(44), Code 1940, Tit. 62, and the rules and regulations of the board; in some cases persons receiving compensation were for services rendered for positions in the classified service, although they had not stood examinations or been certified and appointed thereto as required by law, and in other cases the persons paid worked in positions in the unclassified service. Section 330(44) makes unlawful such payments before certification by the director of personnel. The current regulations of the Personnel Board provided for the dismissal, demotion or suspension (Rule 10) of any employee in the classified service who was guilty of "conduct unbecoming an employee in the public service." The board held and the circuit court affirmed that the commission of the aforesaid unlawful acts constituted substantial and legal evidence establishing that such conduct was "unbecoming an employee in the public service." While we, like the circuit court, are impressed that the decision of the board in demoting the petitioner was rather drastic in view of the fact that no bad faith on the part of petitioner was shown, we cannot say that the circuit court erred in holding that the board, with the discretion vested in it by the act to make such decisions, did not act arbitrarily and without substantial and legal evidence in adjudging on the stated facts that petitioner was guilty of conduct unbecoming an employee in the public service.

We are constrained to let the judgment stand.

Affirmed.

LAWSON, STAKELY, GOODWYN and MERRILL, JJ., concur.