83 So.2d 717

**Ex parte James W. MORRIS.**

**In re James W. MORRIS.**

v.

**CITY COMMISSION OF BIRMINGHAM.**

**6 Div. 901.**

Supreme Court of Alabama.

Nov. 28, 1955.

Rogers, Howard & Redden, Birmingham, for appellant.

Chas. H. Brown, Birmingham, for appellee.

SIMPSON, Justice.

Petitioner, James W. Morris, a former sergeant of police, was dismissed from the police force of the City of Birmingham. Thereafter, he made timely appeal to the Personnel Board of Jefferson County. After a public hearing, the Board affirmed the dismissal. Petitioner appealed the Board's finding to the circuit court. On that appeal, the three-judge circuit court reviewed the record and affirmed the action of the Board. These proceedings were transacted pursuant to the provisions of Code 1940, Title 62, § 330(42), 1953 Cum.Supplement to Vol. 9, p. 129. The case comes to this court by petition for certiorari seeking to review the judgment of the circuit court. Such procedure has been approved. Ex parte Bracken, ante, p. 402, 82 So.2d 629; Ex parte Darnell, 262 Ala. 71, 76 So.2d 770.

The conduct complained of and on which the dismissal of petitioner was based is set out in the charge sheet of the Director of Police:

"* * * in that to-wit: June 29, 1953, after the burglary of the Lane Drug Store, located at Five Points South in the City of Birmingham had been officially reported to the Police Department, and while you were engaged in investigating said Felony, you observed other members of said Department break open a safe located inside said store and you wrongfully failed to interfere with or to report said unlawful act."

Of the evidence adduced, the circuit court said in its opinion:

"* * * Whatever case is made against him [Petitioner] is made almost exclusively on the testimony of T. A. Ferguson, who says in substance that while the appellant was in the Lane Drug Store building as a sergeant of police, in a position of authority, Ferguson and two other officers upended an iron safe and made a hole through the bottom of it. No reasonable man could believe that this could be done without the knowledge of this appellant, if it were in fact done while the appellant was in the store. No one says it was so done except T. A. Ferguson, who at the time he testified was then in jail charged with three separate crimes, fearful that he might well receive three ten-year sentences running consecutively and actuated by a desire

to cooperate with the City in order to secure a lesser punishment. * * * He admitted while on the stand that he had been involved in perhaps forty (40) burglaries while a member of the police force * * * Witnesses testified that they would not believe him on oath; and no one testified that he would so believe him."

The record is void of any legal testimony which tended to establish petitioner's knowledge or observance of the malfeasance of Ferguson except the testimony of Ferguson himself. Ferguson testified that petitioner was in the room where the safe was, and, of course, should have seen or heard him commit the unlawful act which he admitted he did. Therefore, if the testimony of Ferguson be believed, there would be a justifiable inference to conclude that petitioner had observed the unlawful act and was, therefore, guilty of the charge of conduct unbecoming an employee in the public service.

■■ The determination of the weight and credibility of this evidence and to draw inferences from facts adduced was for the administrative body, the Board, in such an adjudicatory proceeding. 73 C.J.S., Public Administrative Bodies and Procedure, § 126, p. 447. Therefore, we are forced to the conclusion that it was within the province of the Board to conclude, and the circuit court to affirm, that the charge preferred against the petitioner was sufficiently supported by substantial and legal evidence within the meaning of the statute as to be due an affirmance here of the holding of the three-judge circuit court. Ex parte Bracken, supra.

■ Petitioner next contends that his rights have been substantially and materially prejudiced by the Board taking testimony of an alleged expert concerning his findings from Polygraph tests performed on petitioner. We think the circuit court adequately answered this argument when it found that while the testimony might not be legal evidence, its admission was not reversible error because the Board is not bound by technical rules of evidence. In the absence of statutory provisions, the Board has seen fit to adopt its own rules, one of which specifically applies to evidence, viz., Rule No. X, subsec. 10.5:

" * * * The Board shall not be bound by the technical rules of evidence but shall seek diligently all of the information and evidence bearing on the case."

■ The adoption of such rules was within the prerogative of the Board. 42 Am.Jur., § 129, p. 460.

■ Moreover, since the Board is not composed of those learned in the law, we are unwilling to reverse because of indiscretion in admitting some illegal evidence. This view conforms to our holding as to a somewhat similar quasi-judicial body, the Public Service Commission, in North Alabama Motor Express v. Rookis, 244 Ala. 137, 12 So.2d 183.

■ Finally, petitioner argues that the circuit court erroneously decided that as a matter of law that court could not consider the weight of the testimony in arriving at its decision, and in holding that the evidence adduced was sufficient to support the Board's decision according to the "substantial evidence" rule.

The statute provides, Title 62, § 330(42), Code 1940, 1953 Cum.Supp:

" * * * The decision of the board • based upon all proceedings before the board shall be final subject to appeal by either party to the circuit court to review questions of law and the question of whether or not the decision or order of the board is supported by the substantial and legal evidence. On such appeal the circuit court shall review the record and shall affirm, reverse, remand or render said cause. * * *"

We deem the issue raised by petitioner properly before us as a question of law. Ex parte Bracken, supra.

668

In its opinion, the three-judge panel of the circuit court said:

"This appeal, in truth, is not greatly different from a common law certiorari, whereunder a judgment based on any legal evidence would be upheld, but here the same must be supported by 'substantial' legal evidence. The court has authority to review questions of law only; and further to determine whether or not the decision of the Board is supported by the substantial and legal evidence. This brings us to point out that a mere scintilla of legal evidence would not be sufficient to sustain the order of the Board but, * * * it is our view that there need not be a preponderance of the evidence in order that the Board's decision may be upheld."

The court further indicated that though the decision of the Board was not supported by the weight (preponderance) of the testimony, it was supported by substantial and legal evidence.

■ The opinion of the court used the following definitions by which to measure the substantial evidence rule:

"1. Substantial evidence is a 'rational basis for the conclusions approved by the administrative body.' Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282 [54 S.Ct. 692, 694, 78 L.Ed. 1260].

• "2. Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion'. * * * [Consolidated Edison Co. of New York v. National Labor Relations Board] 305 U.S. 197 [59 S.Ct. 206, 217, 83 L.Ed. 126].

"3. * * * substantial evidence is more than a scintilla and must do more than create a suspicion of the existence of a fact to be established. * * * ' "it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" * * * and it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' National Labor Relations Board v. Columbian E[nameling &] S[tamping] Co., 306 U.S. [292] 299–301 [59 S.Ct. 501, 505, 83 L.Ed. 660]."

Thus it appears that the circuit court concluded it was not within its province to weigh the evidence, but only to decide whether or not there was substantial legal evidence, Ex parte Bracken, supra; 73 C.J.S., supra, and consonant with such principle concluded against the petitioner and affirmed the decision of the Board.

Petitioner relies on decisions of this court in reviewing orders of the Public Service Commission as precedent for holding in the instant proceeding that the review in the circuit court should have been on a consideration of whether or not the decision of the Board was supported by the weight of the evidence. The Public Service Commission decisions rendered by this court, however, are not helpful, since under the Public Service Commission Act it is provided inter alia that the Commission's order shall be taken as prima facie just and reasonable and shall stand unless the court on appeal should conclude the order, decision or award, was based upon a finding of facts contrary to the substantial "weight" of the evidence. But the Civil Service Act now under consideration omits "weight" and limits review to a determination of whether the decision of the Board is supported by substantial legal evidence.

■ On a careful consideration of the whole case in connection with a study of the pertinent authorities, we are constrained to order an affirmance of the circuit court's decision. As was observed in Ex parte Bracken, supra, "we cannot say that the circuit court erred in holding that the board, with the discretion vested in it by the act to make such decisions, did not act arbitrarily and without substantial and legal evidence in adjudging on the stated facts that petitioner was guilty of conduct

unbecoming an employee in the public service." Ante, p. 407, 82 So.2d at pages 632–633.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.