102 So.2d 902

**Ex parte Batson W. NOBLE.**

**In re Batson W. NOBLE**

**v.**

**PERSONNEL BOARD OF JEFFERSON COUNTY.**

**6 Div. 910.**

Supreme Court of Alabama.

March 20, 1958.

Rehearing Denied June 5, 1958.

J. Edmund Odum and John T. Batten, Birmingham, for appellant.

Chas. H. Brown, Birmingham, for appellee.

PER CURIAM.

This cause is here on petition for certiorari to the Circuit Court of Jefferson County to review a judgment of that court affirming an order dismissing petitioner from the police force of the City of Birmingham.

By memorandum dated August 19, 1954, petitioner was notified by the then Director of Police that, "effective August 17, 1954 and subject to confirmatory action by the City Commission," he was dismissed from the service of the Birmingham Police Department for certain specified reasons. Petitioner appealed to the Personnel Board of Jefferson County.

The matter was heard on September 15, 1954, and on September 16, 1954, the Board decided that the action dismissing petitioner should be sustained. Petitioner then appealed to the circuit court and the appeal was heard by a three-judge panel on February 25, 1955. On March 1, 1955, a judgment was rendered affirming the decision of the Personnel Board, and that action occasioned the petition for certiorari.

Purported assignments of error 1, 2, and 3 that the judgment is contrary to law, contrary to the evidence and is not supported by legal evidence allege no error on the part of the trial court and present nothing for review. Mulkin v. McDonough Construction Co. of Georgia, 266 Ala. 281, 95 So.2d 921; King v. Jackson, 264 Ala. 339, 87 So.2d 623.

Assignment of error 4 is that the record affirmatively shows that the Personnel

Board was without jurisdiction to determine the matter. Petitioner argues that the notice of his dismissal from the Director of Police was "subject to confirmatory action by the City Commission" and the record does not show such "confirmatory action." The record does not contain a separate instrument showing such action. But petitioner was present with counsel at the hearing before the Board. No objection was raised to the jurisdiction of the Board. The opinion and decision of the Board recites in part—"it is the opinion and decision of the Board that the action of the City Commission of Birmingham dismissing the said Batson W. Noble from his position in the Police Department of the City of Birmingham, effective August 17, 1954, should be, and the same hereby is, sustained."

■ Petitioner voluntarily appeared at the hearing before the Personnel Board and he did not question its jurisdiction. That Board and the circuit court had jurisdiction of the parties and the subject matter and there was no lack of jurisdiction in the Board or in the circuit court which would authorize petitioner to raise the issue for the first time in the appellate court. The irregularity, if there was such, in failing to include the action of the city commission in the record, will not be considered when raised for the first time on appeal. 2 Ala. Dig., Appeal and Error, ☞192. For an analogous case, see Ennis v. State, 37 Ala. App. 716, 76 So.2d 183, 184, where the validity of a warrant of arrest was questioned on appeal and the court said: "This irregularity was not called to the attention of either the county court or circuit court and is questioned for the first time on this appeal. By appealing and entering his plea of not guilty the defendant waived any irregularities appearing in the warrant."

■ Petitioner argues that the circuit court was without jurisdiction to hear and determine the matter. He took the appeal to the circuit court under the provisions of the act which is listed in the cumulative Pocket Part of the Code as Tit. 62, § 330 (42), which reads in part as follows:

" * * * The decision of the board based upon all proceedings before the board shall be final subject to appeal by either party to the circuit court to review questions of law and the question of whether or not the decision or order of the board is supported by the substantial and legal evidence. On such appeal the circuit court shall review the record and shall affirm, reverse, remand or render said cause. * * * "

This same section provides for a panel of three circuit judges to hear the appeal. Petitioner argues in brief that this statute is unconstitutional and renders the circuit court without jurisdiction. This constitutional question, being presented for the first time on appeal, will not be considered by the reviewing court. City of Talladega v. Ellison, 262 Ala. 449, 79 So.2d 551, and cases there cited.

The circuit court on affirmance stated:

"On the record presented, we are unable to say that the decision of the Board is not supported by substantial and legal evidence.

* * * * * *

"It is, therefore, by the Court, Ordered, Adjudged and Decreed as follows:

"1. That the opinion and decision of the Personnel Board of Jefferson County, made and rendered on the 16th day of September, 1954, sustaining the dismissal of Appellant Batson W. Noble from his position in the Police Department in the City of Birmingham, effective August 17, 1954, be, and the same hereby is affirmed."

■ We cannot say that the action of the Board and the circuit court was not supported by substantial and legal evidence, and the judgment of the circuit court must be affirmed. Ex parte Morris, 263 Ala. 664, 83 So.2d 717.

Petitioner also urges that he was dismissed because he refused to take polygraph (lie detector) tests. The paragraph omitted from the quoted portion of the statement of the circuit court reads:

"In view of certain of the contentions made, the language of the charges, and theories of the evidence, we deem it proper, and perhaps important, to state that it is not considered necessary to a disposition of this appeal to determine the question of whether or not delay or even refusal, by a public employee to submit, upon request of a superior, to examination by means of a polygraph, or other so-called 'lie detector' device, of itself, constitutes 'just cause' for dismissal, and no holding either way upon such question is implicit in this affirmance."

We think this sufficiently answers petitioner's argument.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and MERRILL, JJ., concur.