187 So.2d 230

F. C. TEMPLIN

v.

CITY COMMISSION OF the CITY OF BIRMINGHAM.

6 Div. 267.

Supreme Court of Alabama.

June 2, 1966.

474

Jenkins, Cole, Callaway & Vance, Birmingham, for petitioner.

Watts E. Davis, Asst. City Atty., for respondent.

SIMPSON, Justice.

The petitioner is a former employee of the City of Birmingham in its Fire Department, where he was classified "fire-fighter-driver". On April 4, 1963, petitioner was notified in writing by the Fire Chief that the Chief was recommending petitioner's dismissal on the following charges:

1. The violation of a civil service rule prohibiting " 'the commitment of any criminal act' in that you did commit an assault with a weapon upon Mr. William Brodie by shooting him with a pistol on or about March 24, 1963, at approximately 2:10 A.M. in the City of Fairfield, Alabama."

2. Violation of rules and regulations of the Personnel Board of Jefferson County, to-wit: " 'Absence without leave', in that you did cause yourself to be absent from your duty at Station No. 3, Birmingham Fire Department, * * * on, to-wit: March 24, 1963 * * *."

Following this notice the petitioner was dismissed by the City of Birmingham as a fireman. Petitioner then appealed the action of the City under the provisions of Title 62, § 330(42), 1955 Cumulative Pocket Part; Appendix, Vol. 14, § 666, Code of Alabama, 1958, to the Personnel Board of Jefferson County. The Board, after hearing, found the petitioner guilty of Charge One, and on the basis of such finding, sustained the action of the City Commission in dismissing petitioner. Thereupon the petitioner appealed the Board's action to the Circuit Court. A three-judge Circuit Court reviewed the record and affirmed the action of the Personnel Board. The case is here on petition for certiorari seeking review of the court's judgment.

■ The review here is limited to a consideration of the proper application of the law involved and whether the ruling (of the Personnel Board and the Circuit Court) was supported by any legal evidence. If so, the judgment must be affirmed. Ex Parte Bracken, 263 Ala. 402, 82 So.2d 629.

The evidence establishes that the petitioner and his wife, and a Mr. Trotter, on a Saturday evening, March 23, 1963, attended a birthday anniversary of the American Legion at its hall in Ensley and remained at the American Legion hall until it closed about 1:00 A. M. They then

went to the V.F.W. hall in Fairfield. After the V.F.W. hall closed for the night, they started to leave. Outside the hall Mr. Brodie, whom petitioner is charged with assaulting, approached the petitioner's party and offered to "match" Trotter, who declined. It seems that petitioner offered to "match" for $5.00. For some reason the matching did not come off, but instead it was agreed that they would "pitch to the line". Both petitioner and Brodie pitched coins to a line on the sidewalk. It appears that after the first pitch, which Brodie won, they agreed to pitch again. This time it seems that petitioner thought that Brodie threw two coins. An argument ensued over who threw the third coin. Petitioner and Brodie began pushing and shoving each other. During the course of this pushing and shoving match these two moved from thirty to fifty feet away from the others. During the course of this fracas a gun went off. Petitioner testified that he did not intend to shoot Brodie, but "I wanted to hit him in the head and I swung at him and I missed, and he throwed up his hand, and I swung at him again and he grabbed. The best I remember, he jerked, and evidently I jerked". In any event, Brodie was shot in the hand with petitioner's pistol.

Petitioner urges that there is no legal evidence upon which the judgment of the Circuit Court may rest. He contends that the record is totally lacking in any legal evidence of any intent to assault Brodie by shooting as charged.

We cannot agree. We believe there is evidence in this record from which the Board could have found the petitioner guilty as charged. The determination of the weight and credibility of the evidence was for the Board. Ex Parte Morris, 263 Ala. 664, 83 So.2d 717.

It is unimportant that we may have reached a different result upon a hearing of the same evidence. After a consideration of the entire record and the au-

thorities deemed controlling, we believe we must enter an order of affirmance of the Circuit Court's finding.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.