192 So.2d 454

Ex parte Curtis D. Belcher.

In re Curtis D. BELCHER

v.

**CITY COMMISSION OF the CITY OF BIRMINGHAM.**

6 Div. 90.

Supreme Court of Alabama.

Oct. 27, 1966.

Rehearing Denied Dec. 8, 1966.

John S. Foster, Graham, Bibb, Wingo & Foster, Birmingham, for petitioner.

Earl McBee, Birmingham, for respondent.

GOODWYN, Justice.

Review by certiorari of judgment of statutory three-judge Jefferson County circuit court affirming an order of the County Personnel Board affirming the dismissal of an employee of the City of Birmingham. See: Act No. 670, appvd. Sept. 16, 1953, Acts 1953, Vol. II, p. 927 (Code 1940, Tit. 62, § 330(42), 1955 Cum.Pocket Part); Ex parte Bracken, 263 Ala. 402, 82 So.2d 629; Ex parte Morris, 263 Ala. 664, 83 So.2d 717; Ex parte Noble, 267 Ala. 488, 102 So.2d 902, cert. den., Noble v. Personnel Bd. of Jefferson County, 359 U.S. 937, 79 S.Ct. 651, 3 L.Ed.2d 637; Templin v. City Commission of City of Birmingham, 279 Ala. 473, 187 So.2d 230.

A transcript of the circuit court record has been filed here for review in response to a writ of certiorari issued on the employee's petition. However, there are no assignments of error bound with the transcript, as required by Rule 1 of the Revised Rules of the Supreme Court, 261 Ala. XIX, XX. In this situation, there is nothing before us for review. As stated in the recent case of Ex parte Russell, ante p. 30, 189 So.2d 760:

"There are no assignments of error in the record. In all civil cases brought to an appellate court in Alabama, an assignment of errors is mandatory. Without an assignment of errors, nothing is presented for review. Trussell v. Ripps, 277 Ala. 248, 168 So.2d 619; Dobson v. Deason, 258 Ala. 219, 61 So. 2d 764; Supreme Court Rule 1; 2A Ala.Dig., Appeal & Error, ☞753(2).

"We have applied rules as to assignments of error to cases involving review by certiorari, and have required the same degree of specificity as in other civil cases. Ex parte Noble, 267 Ala. 488, 102 So.2d 902."

We observe that prior to the announcement of Ex parte Russell, consideration was given to the case before us and the conclusion was reached that the judgment of the circuit court was due to be affirmed.

It might be that petitioner's discharge resulted essentially from a personality clash between him and his superior in the zoning department, and that none of the grounds relied on for his discharge is supported by a preponderance of the evidence. But our review does not permit the weighing of the evidence. If there is any substantial legal evidence supporting one of the charges, which alone would warrant the dismissal, we have no alternative but to affirm.

Numerous charges were made against petitioner and, as the circuit court pointed out, it does not appear that all of them are supported by substantial legal evidence. However, there appears to be such evidence supportive of at least one of the charges warranting petitioner's dismissal.

The judgment of the circuit court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.