HOLMES, Judge.
This is an employee dismissal case. Ms. Vivian Smith was dismissed by Cooper Green Hospital. Ms. Smith appeals.
The record reveals the following pertinent facts: Ms. Vivian Smith was employed by Cooper Green Hospital as a staff nurse in December of 1975 and remained an employee of the hospital until her dismissal on June 12,1979. For approximately one year *47 prior to her dismissal Ms. Smith served as a “lead worker” in the hospital’s medical clinic. She apparently had some administrative and supervisory duties as “lead worker.”
Ms. Smith was dismissed on grounds of incompetency and inefficiency, pursuant to Rule 6.2(h), Rules and Regulations of the Jefferson County Personnel Board. Section 22 of the Personnel Board’s Enabling Act[1] provides for an appeal to the Personnel Board. Ms. Smith did so appeal. The board appointed a hearing officer who presided over a three day hearing.
A number of Ms. Smith’s co-workers testified; they generally agreed that Ms. Smith was unreliable and uncooperative. Some even testified that the clinic actually operated more smoothly while Ms. Smith was away on a leave of absence.
Ms. Smith’s supervisor stated that one day she visited the clinic and found a drawer full of papers, including prescriptions for patients which had not been filled, physicians’ orders for laboratory work which had not been done and requests for nuclear medicine which had not been acted upon. It was Ms. Smith’s responsibility to make certain these papers were processed.
Certain evaluations made of Ms. Smith’s performance on the job were also offered as evidence of her incompetency and inefficiency. These evaluations were dated March 15, 1979, May 8, 1979, and June 4, 1979. The evaluations noted that although Ms. Smith was knowledgeable and had been well-trained, she failed to properly apply herself. Ms. Smith’s performance did not improve even after she was confronted with these evaluations.
The hearing officer sustained the hospital’s dismissal of Ms. Smith. The Personnel Board adopted the officer’s findings of fact and law and sustained the dismissal.
Pursuant to Section 22 of the Enabling Act, Ms. Smith then filed notice of appeal to the Circuit Court of Jefferson County. A three judge panel, as provided by the Enabling Act, was appointed by the presiding judge of the circuit court to review questions of law and to determine whether or not the board’s decision was supported by the substantial and legal evidence. The panel affirmed the board’s action on May 29, 1980.
Ms. Smith then filed notice of appeal with this court on July 10, 1980, naming only Cooper Green Hospital as appellee. The Personnel Board received no notice, nor was it named as a party. On August 21, 1980, Ms. Smith filed in proper form a petition for certiorari. On that same date she filed her brief in the case, which was styled as an appeal or in the alternative as a petition for writ of certiorari. These documents named the Personnel Board as a party and they were served on the board as well as the hospital.
As a threshold question, the Personnel Board has indicated that the proper forum for this case is the Alabama Supreme Court. We disagree.
It is true that Section 22 of the Enabling Act states that the decision of the three judge panel “shall be determinative of the case and there shall be no appeal to any appellate court of Alabama” (Emphasis added.)
However, Section 12-3-10 of the Alabama Code of 1975 provides that the Court of Civil Appeals shall have exclusive appellate jurisdiction over “all appeals from administrative agencies other than the Alabama public service commission ... and all extraordinary writs arising from appeals in said cases.”
Clearly, the Jefferson County Personnel Board is an administrative agency. Therefore, this case is one over which the Court of Civil Appeals would generally have jurisdiction, both as to appeals and as to extraordinary writs.
Certainly, the legislature may prohibit an appeal in a particular type of case, as it has done in the case before this court. Nevertheless, that prohibition of appeal by the legislature does not affect the authority *48 of the court to review the proceedings below by granting certiorari. See, Ex parte Bracken, 263 Ala. 402, 82 So.2d 629 (1955). Because the Enabling Act provides no right of appeal or statutory certiorari, the common law writ of certiorari is the only available means of review. Phelps v. Public Service Comm’n, 46 Ala.App. 13, 237 So.2d 499 (1970).
This court also has the authority to grant “such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it....” § 12-3-11, Code of Alabama 1975.
Clearly, the panel of circuit judges below constitutes a jurisdiction inferior to this court. It follows that this court has the authority to grant a writ of certiorari to review the proceedings below in order to superintend and control that panel. We conclude that this court is the proper forum and that our review is by writ of certiorari.
The Personnel Board also contends that Ms. Smith’s petition, for writ of certio-rari is untimely because she did not comply with the time limitations set out in Rule 39, Alabama Rules of Appellate Procedure. That rule is not applicable in the case before us; Rule 39 applies to cases in which a party requests the Alabama Supreme Court to review a court of appeals decision by writ of certiorari.
Apart from cases in which Rule 39 applies, mere delay in filing a petition for a common law writ of certiorari is not a sufficient defense, Byars v. Town of Boaz, 229 Ala. 22,155 So. 383 (1934). Such a petition should not be dismissed on grounds of delay unless the delay makes it unjust or unreasonable to grant the relief sought. Rudolph v. Rudolph, 251 Ala. 317, 36 So.2d 902 (1948).
In the case before this court less than ninety days elapsed between the ruling by the three judge panel and the filing of a petition for certiorari. The delay in this case does not make it unjust or unreasonable to grant the relief sought. We have therefore granted the petition for certiorari to review the decision of the three judge panel.
Our review upon granting certiorari is limited to a consideration of the proper application of the law involved and whether the ruling below was supported by the legal evidence. Ex parte Watkins, 268 Ala. 567, 109 So.2d 671 (1959); Ex parte Bracken, supra.
Ms. Smith contends that the ruling of the three judge panel was not supported by the legal evidence. As indicated, the panel sat to review the decision of the Personnel Board. The standard of review to be applied by the panel of judges to the board’s judgment is whether that judgment was supported by the substantial and legal evidence. Section 22 of the Enabling Act of the Jefferson County Personnel Board; Templin v. City Comm’n of the City of Birmingham, 279 Ala. 473, 187 So.2d 230 (1966).
The three judge panel found that the Personnel Board’s judgment was supported by legal and substantial evidence. In view of the facts discussed above, with particular emphasis on Ms. Smith’s failure to complete assignments given her by doctors, we cannot say that the panel’s affirmance of the board’s judgment was not supported by any legal evidence.
Ms. Smith also contends that she is entitled to recover back pay from the date of her dismissal until the date her dismissal was affirmed by the Personnel Board. This issue was not raised below. Because the scope of review under common law certiora-ri is confined to the record, the writ does not lie for the purpose of reviewing issues which were not presented to the lower court. Ex parte Noble, 267 Ala. 488, 102 So.2d 902 (1958), cert. denied, 359 U.S. 937, 79 S.Ct. 651, 3 L.Ed.2d 637 (1958).
It has generally been considered improvident to grant a writ of certiorari when it appears that substantial justice has been done. Ex parte Watkins, supra. A writ which has been improvidently granted may be quashed by the court which granted it. Ex parte Watkins, supra.
*49 Having concluded from a perusal of the record that the decision of the three judge panel is supported by legal evidence, we must affirm that decision.
WRIT QUASHED.
WRIGHT, P. J., and BRADLEY, J., concur.

. Act No. 248, Acts of Alabama 1945, as amended by Act No. 562, Acts of Alabama 1947; Act No. 927, Acts of Alabama 1953; and Act No. 679, Acts of Alabama 1977.