WRIGHT, Presiding Judge.
This is a personnel case.
Jimmie Ferrell, Edward Holloway and Frank Wright, police officers in the City of Lanett were fired by the mayor and city council (acting as the personnel board) on September 25, 1980. Soon thereafter that mayor and council finished their terms of office, and the new mayor and council took office October 14, 1980. A public hearing was held October 14, 1980, at which time the new mayor and council upheld the action of the prior body as to Ferrell and Holloway. Wright, however, was reinstated.
The fired officers appealed the mayor-council’s action to the Circuit Court of Chambers County. The circuit court affirmed the discharge of the officers on August 11, 1981, noting that the scope of review allowed in a judicial review of an administrative act is limited in nature. A motion for new trial in the matter was denied September 21, 1981. Ferrell alone challenges the trial court’s decision.
The charges lodged against Ferrell included deliberate falsification of records or misrepresentation, dishonesty, malfeasance and conduct detrimental to good order and discipline. It was alleged that Ferrell held money for citizens on fines owed to the City of Lanett; that he turned in overtime hours in connection with a civil case in which the City was not a party, and that the overtime hours were excessive. The trial court found the questions involved to be “close” ones but affirmed the discharge based on a presumption of correctness of the board’s decision and that there was substantial evidence to support the charge concerning excessive overtime hours.
The proper method of review in a ease of this sort is a petition for writ of certiorari. Ex parte Watkins, 268 Ala. 567, 109 So.2d 671 (1959). Our scope of review is extremely narrow. The proper standard is whether the law was properly applied and whether the ruling below was supported by the legal evidence. Ex parte Smith, 394 So.2d 45, 48 (Ala.Civ.App.1981); Guthrie v. Civil Service Board of the City of Jasper, 342 So.2d 372 (Ala.Civ.App.1977). The determination of the weight and credibility of the evidence was for the personnel board. Templin v. City Commission of the City of Birmingham, 279 Ala. 473, 187 So.2d 230 (1966). Our supreme court held in Ex parte Belcher, 280 Ala. 252, 253, 192 So.2d 454 (1966) that:
[O]ur review does not permit weighing the evidence. If there is any substantial legal evidence supporting one of the charges, which alone would warrant the dismissal, we have no alternative but to affirm.
We find that there was substantial legal evidence to support the ruling of the trial court. This cause must be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.