This is an employee demotion case. Jefferson County Deputy Sheriff Cleveland B. Jones was demoted from sergeant by the Sheriff of Jefferson County. This action was later reversed, the Personnel Board appeals, and we affirm.
Jones was demoted by his employer. Jones contested the employer's action and appealed to the Jefferson County Personnel Board. The Board appointed a hearing officer. A hearing was held and the hearing officer sustained the employer's demotion of Jones. The Personnel Board agreed with the action and sustained the demotion.
Pursuant to section 22 of the Personnel Board's Enabling Act, Jones filed notice of appeal to the Circuit Court of Jefferson County. A three-judge panel as provided by the Enabling Act was appointed by the presiding judge of the circuit court to review questions of law and to determine whether or not the Board's decision was supported by the substantial and legal evidence. The three-judge panel found the Board's action was not so supported and reversed the Personnel Board's action.
The Personnel Board properly appeals by writ of certiorari to this court. See Ex parte Smith, 394 So.2d 45 (Ala.Civ.App. 1981).
After a careful review of the record before this court, we affirm the three-judge panel action.
The record before this court reveals the following:
At three o'clock on the afternoon of April 22, 1982, Jones and a fellow officer and personal friend, B.R. Wilson, went to the county firing range in Hoover, Alabama. They practiced pistol shooting until about *Page 1108 
seven that evening. After going "off duty" they drove their county vehicles to Wilson's place of business, a bait shop in Bessemer, where they could talk. They arrived at approximately 8:15 p.m. and talked until one or one-thirty in the morning. While there Jones drank three, possibly four, beers.
After leaving the bait shop Jones wrecked his county-owned vehicle, injuring his legs and causing about $1,300 worth of damage to the car. He attempted to call for help on his car radio and on a portable radio, but neither unit was functioning. He then left the car and began to knock on the doors of nearby houses until he found someone to call the local police for him. The police arrived at approximately 2:30 a.m. and made out an accident report.
When the police arrived Jones informed them that he needed to report the accident to his superior at the Sheriff's Department. Jones was told that a Sergeant Eddings (who was not Jones's superior) was in the vicinity. The police put in a call for Eddings, and when he arrived he reminded Jones to report the accident to his superior officer, Lieutenant Jacobs. Jones made no further attempt at that time to contact Jacobs.
The wrecker that towed the wrecked vehicle gave Jones a ride home. Jones arrived home between 5:00 and 5:15 a.m., whereupon he cleaned and bandaged his hurt legs. Jones then decided that he would postpone reporting the accident for a couple of hours until he knew the lieutenant would be awake. He set his alarm for 7:00 a.m. and went to bed. Sometime between 7:00 and 7:30 a.m. he awoke and called Lieutenant Jacobs.
As indicated above, after a disciplinary hearing on May 10, 1982, Jones's employer demoted him to the position of deputy sheriff based on the following charges: Jones operated a county vehicle while under the influence of alcohol, Jones wrecked the county vehicle, and Jones failed to promptly notify his superior of the wreck as required by department policy. Jones appealed the sheriff's decision to the Jefferson County Personnel Board. The Board appointed a hearing officer who conducted an evidentiary hearing and rendered written findings, upholding the demotion solely on the intoxication charge. No findings were made regarding the other charges. After reviewing the hearing officer's findings, the Personnel Board sustained the demotion. Jones then appealed to Jefferson County Circuit Court as allowed by statute.
The three-judge circuit court panel, as stated above, overturned the Personnel Board decision, sending it back for a further hearing, citing insufficient evidence of legal intoxication as the basis of its decision. Further, the circuit court specifically refused to sustain the demotion on the alternate ground, Jones's failure to promptly notify his superior, because the Personnel Board hearing officer had made no findings on the evidence offered on that charge.
Before this court the Personnel Board makes no contention regarding the intoxication issue, apparently conceding that the evidence presented on that charge was legally insufficient. Specifically, the Personnel Board, through able counsel who has favored this court with an excellent brief, states in brief as follows:
 "The lower court's remand on the issue of intoxication is not currently being contested by the petitioners. What the petitioners do raise is their claim that the Sheriff presented sufficient evidence to show that Jones did not notify his superior promptly of the accident, and that this evidence alone was sufficient to sustain the disciplinary action."
From the above we take the dispositive issue before this court to be whether the circuit court panel erred in refusing to affirm disciplinary action taken by the Personnel Board on the basis of a charge presented to but not relied upon by the Board.
In view of the specific finding by the hearing officer and the action of the Personnel Board, and after having considered general principles of administrative law, *Page 1109 
this court must answer this question in the negative.
In general, the review by a court of any Personnel Board action is extremely limited. Templin v. City Commission,279 Ala. 473, 187 So.2d 230 (1966). The determination of the weight and credibility of the evidence presented is solely within the province of the Board; the review here is limited to the proper application of the relevant law and whether the Board's ruling is supported by any legal evidence. Id. This narrow scope of appellate review is in keeping with the general principles underlying certain important doctrines in administrative law which come into play when judicial review of administrative actions is involved. See generally Fraternal Order of Police,Strawberry Lodge # 40 v. Entrekin, 294 Ala. 201, 314 So.2d 663
(1975) (exhaustion and primary jurisdiction doctrines).
Agencies tend to develop a recognized competence or expertise in the specific fields of operation entrusted to them by the legislature, and judicial deference to the administrative agency in the first instance tends to insure uniformity and consistency of decisions in these special areas. Id. Initial review of a matter by an agency can do more than merely assist a court in its consideration; it might alleviate entirely any need to invoke the court's aid. Id. However, if judicial review is ultimately necessary, the special competence of the agency lends great weight to its reasoning and decision. See, e.g.,Glen McClendon Trucking Co. v. Hall Motor Express, Inc.,285 Ala. 98, 229 So.2d 488 (1969). When the legislature delegates a discretionary function to an agency to be exercised in light of the agency's special competency, a court frustrates legislative intent and usurps that discretionary role by stepping in when the agency's choice is not clearly unreasonable or arbitrary.See State ex rel. Steele v. Board of Education, 252 Ala. 254,40 So.2d 689 (1949).
After applying these general propositions to the case at bar this court is of the opinion that the effect of the legislature's delegation of Jefferson County personnel decisions to the Jefferson County Personnel Board could be undermined if a reviewing court were allowed to uphold disciplinary actions on the basis of charges presented to but not passed upon the Board itself. The instant facts present a particularly compelling argument in support of judicial deference as first, the Personnel Board should be given the initial opportunity to construe the "promptly" provision of the Jefferson County Sheriff's Department Policy and Procedure Manual, and second, a variety of disciplinary actions is available in this situation.
Our review of the record reveals that in its original action the Personnel Board ordered a demotion on the basis of the employer's charge that Jones was driving and wrecked a county vehicle while under the influence of alcohol. That charge can no longer be relied upon to sustain the demotion because of the circuit court's action and petitioner's concession. For this court to sustain the demotion on the basis of the promptness charge would deprive the Personnel Board of its right to, in first instance, resolve disputed facts, interpret the applicable provisions, weight evidence, judge credibility, and formulate a discipline appropriate to the wrong done. We have no basis for saying that the same discipline would have been imposed by the Board on a promptness finding, if in fact it had been made.
In effect, were this court to decide this matter on the "promptness" theory, we would, in view of the "findings" as shown by the record, be deciding this case on a charge different from that upon which it was decided. This the law does not favor. See generally 2 Ala. Digest, Appeal Error, Key No. 171 (1).
In view of the above, the circuit court was correct in remanding this action to the Personnel Board of Jefferson County. Accordingly, the decision is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 1110