Gabriel McCray, a Birmingham police officer, was dismissed from his employment with the Birmingham Police Department on February 6, 1983 after a determination hearing held the previous day. The hearing was held before McCray's department head, Birmingham Police Chief Arthur Deutcsh, for McCray to answer a charge that he conspired with another Birmingham policeman, Donald Boner, to influence a witness to withhold testimony from a federal grand jury. The charge stemmed from a conversation between McCray, Boner, and a prostitute and drug dealer turned FBI informant, Willie Mae Harris Hogue, which was taped by means of a wireless transmitter carried by Hogue. The conversation was recorded as part of an ongoing investigation into police conduct by the FBI and the Birmingham Police Department, code named "Blue Vulcan." McCray was later found not guilty in United States District Court.
McCray appealed his dismissal under section 22 of the Personnel Board's Enabling Act. Act No. 248, Acts of Alabama 1945 as amended by Act No. 562, Acts of Alabama 1947; Act No. 670, Acts of Alabama 1953; and Act No. 679, Acts of Alabama 1977 (the Enabling Act). The Personnel Board appointed a hearing officer to conduct a de novo hearing on McCray's appeal. The hearing was conducted on February 20, 21, and 22, 1984. On the Friday before the Monday hearing, the City amended its complaint to add the following:
 "Comes now the City of Birmingham in the above styled cause and amends said Complaint as follows:
 "Respondent Gabriel McCray is charged with violation of the following section of the Birmingham Police Department Rules and Regulations:
 "1. Section 3.35.13.20 in that Respondent accepted bribes from criminal suspects in exchange for not arresting suspects for criminal acts.
 "2. Section 3.35.13.25 in that Respondent gave out police information which would aid a person to escape arrest, or delay the apprehension of a criminal.
 "3. Section 3.35.13.28 in that Respondent on several occasions failed to turn over to the proper officer property seized *Page 967 
as evidence, or taken from persons arrested.
 "4. Section 3.35.13.31 in that Respondent on several occasions failed to report or take the necessary action in known violations of the law."
At the hearing McCray objected to the amendment. The hearing officer refused the amendment. After the hearing the hearing officer issued a written opinion recommending that McCray be reinstated. On March 5, 1984 the Board rescinded McCray's dismissal and ordered him reinstated with full back pay.
The City then appealed the Board's decision to a three-judge panel, which, under the Enabling Act, sat as an appellate court. The panel found substantial legal evidence to support the Board's reinstatement of McCray. From that decision the City appeals.
We note at the outset that the Board seeks to have the appeal dismissed on the ground that a writ of certiorari is the proper vehicle for reviewing the action. The Enabling Act states that "there shall be no appeal to any appellate court of Alabama" from the panel's decision. We agree that this case should have been brought before this court by a common-law writ of certiorari. Ex parte Smith, 394 So.2d 45 (Ala.Civ.App. 1981); §12-3-10, Code 1975. See also, Ex parte Morris, 263 Ala. 664,83 So.2d 717 (1955); Ex parte Bracken, 263 Ala. 402, 82 So.2d 629
(1955); Thorne v. Birmingham Community Development,409 So.2d 862 (Ala.Civ.App. 1982); Phelps v. Public Service Commission,46 Ala. App. 13, 237 So.2d 499 (Ala.Civ.App. 1970). While the Board is technically correct, in this instance we choose to treat the City's appeal as a petition for a writ of certiorari.See, e.g., Armstrong v. Green, 260 Ala. 39, 68 So.2d 834
(1953); Murphy v. Murphy, 395 So.2d 1047 (Ala.Civ.App. 1981).
Review by certiorari of an action such as the one at issue is limited to a determination of whether the relevant law was properly applied and whether the ruling is supported by any legal evidence. Ex parte Personnel Board, 440 So.2d 1106
(Ala.Civ.App. 1983). As we have previously held:
 "When the legislature delegates a discretionary function to an agency to be exercised in light of the agency's special competency, a court frustrates legislative intent and usurps that discretionary role by stepping in when the agency's choice is not clearly unreasonable or arbitrary. See State ex rel. Steele v. Board of Education, 252 Ala. 254, 40 So.2d 689 (1949)."
Id. See also, Belcher v. City Commission, 280 Ala. 252,192 So.2d 454 (1966); Templin v. City Commission, 279 Ala. 473,187 So.2d 230 (1966); Ex parte Bracken, supra.
In brief here the City contends that the Board erred in not allowing the amendment. The City states several grounds in support of its contention.
First, the City contends that the amendment merely made the original charge more specific. The original charge was as follows:
 "Statement of reason(s) and/or charge(s) and rule(s) violated: The Jefferson County Personnel Board Rules and Regulations, Rule 6, Paragraph 6.2, Subsection (b), `The Commitment of any criminal act,' Subsection (m), `Violation of any lawful or reasonable regulation or order made and given by a superior officer;' The Birmingham Police Department Rules and Regulations, Rule 3.35.13.2, `Disobedience of orders, or rules,' and specifically Rule 3.57.5, `Members to conform to: Members shall be required to conform to and abide by the rules and regulations of the Department of Police, and ordinances of the City of Birmingham, the laws of the State of Alabama and the United States of America.' In that on November 1, 1983, with intent to impede due administration of justice, Donald Boner and Gabriel McCray did corruptly conspire to influence a witness to withhold testimony from a federal grand jury at Birmingham, Alabama, on *Page 968 
November 2, 1983, in violation of Title 18, Section 371, United States Code."
The hearing officer determined that the amendment did not merely make the original charge more specific, but that it contained four new charges. He pointed out that the original complaint, although alleging violation of several rules and regulations, charged McCray only with conspiring to influence the testimony of a grand jury member, and that the amendment charged three other acts, which have nothing to do with the original incident. Also, the amendment cited police department rules and regulations which were neither contained in the original complaint nor dealt with at the pretermination hearing. The hearing officer noted that, while he was not bound by the technical rules of evidence, he was bound by due process requirements. Personnel Board Rule 6.6. See Peseau v. CivilService Board, 385 So.2d 1310 (Ala.Civ.App.), cert. denied,385 So.2d 1316 (Ala. 1980). We have held that:
 "One charged with an offense to be tried at an adjudicatory administrative hearing is entitled to procedural due process. Such due process includes adequate notice of the complaint against him and a reasonable opportunity to prepare a defense with assistance of counsel. Board of Educ. v. Kennedy, 256 Ala. 478, 55 So.2d 511 (1951). 33 A.L.R.3d 229."
Parducci v. Payne, 360 So.2d 1023 (Ala.Civ.App. 1978).
Consequently, the hearing officer apparently concluded that allowing the amendment at such a late date would have violated McCray's right to due process. In other words, McCray had insufficient notice of the new charges to allow him to prepare an adequate defense.
The City next contends that the Board should have access to all relevant evidence to allow it to later make a full determination of the issues. We agree. However, since it would have violated McCray's due process guarantees to have the new charges considered at this hearing, the amendment was properly excluded.
The decision of the three-judge panel is neither arbitrary nor capricious, and is supported by legal evidence. The panel's judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.
[EDITORS' NOTE: PAGE 969-974 CONTAINED DECISIONS WITHOUT OPINIONS.]
 *Page 81