MURDOCK, Justice
(dissenting).
I agree in the main with the dissenting opinion of Chief Justice Cobb. She and Justice Smith disagree, however, over whether, before coming to this Court, Wilson “sought redress in every reasonable manner,” 14 So.3d at 161 (Cobb, C.J., dissenting), in an effort to determine whether a new hearing officer was required on remand. Under the unusual procedural history of this case — and what may be considered a novel and unexpected position on the part of the Madison County Board of Education (“the Board”) in relation to a new legislative enactment — I believe Wilson has done enough.
Although Wilson did not file an application for rehearing seeking clarification of the mandate of this Court’s 2007 decision, I do not fault her for this. Any ambiguity in what appeared to be routine remand language in this Court’s judgment was latent, at best. (It appears that routine language was used both by this Court and by the Court of Civil Appeals without any thought as to the issue now presented.) It is true that, when the dispute arose between Wilson and the Board as to whether the remand in this case required the parties to begin anew the process of selecting a hearing officer for Wilson’s case, Wilson did not file a petition for a writ of mandamus with either the Court of Civil Appeals or this Court. Instead, because this case had been remanded for handling by the hearing officer, Wilson sought a resolution of this dispute from the chief administrative law judge of the office of administrative hearings in the office of the Alabama Attorney General. When that effort did not produce a resolution, she promptly filed a motion for clarification with the Court of Civil Appeals, asking it to clarify whether a new hearing officer was required on remand. When that court refused to do so, she then filed a petition for an extraordinary writ with this Court.
An injustice may be occurring merely because of uncertainty and disagreement by the parties as to what it means for a case to be remanded under the new teacher-tenure law. The teacher’s taking a different view from the Board, and declining *162 to submit hex- case to a new hearing officer, has now resulted in her being fired.[2]
Under the unusual circumstances pre-sentecl, I am not persuaded that we should not treat Wilson’s petition to this court as a timely request for a writ of mandamus, a common-law writ of certiorari, or other extraordinaiy relief, bearing in mind our general superintendence powers, see, e.g., Ex parte Bracken, 263 Ala. 402, 406, 82 So.2d 629, 631 (1955), and authority to interpret and pi’oteet our mandates.

. As a preliminary observation as to the merits of the issue presented: If we construe the new teacher-tenure law as requiring the selection of a new hearing officer, will we not be forcing new evidentiary hearings in all remanded cases and foreclosing the option of having the original "judge” simply apply the correct law to the evidence with which he or she is already familiar? The latter course obviously is the nature of most remands to “trial court” "judges.” I question the Board's reliance on § 16-24-10(a), Ala.Code 1975, which merely describes the general manner of selecting a hearing officer. Procedures, if not statutes, also are in place for the assignment of cases among the trial judges of any given circuit. That does not mean that when an appellate court remands a case for application of its legal holding to the evidence of record that those procedures are re-implemented as if the case were reaching the trial court for the first time.